## TODD ET AL. *v.* BROCK.

[No. 27,061.  Filed November 30, 1938.]

*Hyatt & Donaldson,* for appellants.

*Allen, Hastings & Allen,* and *John S. Hastings,* for appellees.

HUGHES, J.—The appellants have filed a petition for a rehearing in this cause and after a careful consideration of the petition we have concluded to grant it with the following opinion:

The appellants, plaintiffs below, for themselves and others similarly situated, brought this action against the appellees, defendants below, and allege in their complaint that the defendants are partners and shareholders in the Citizens Bank of Elnora, Indiana, a private bank, consisting of a partnership, and operating under and pursuant to the laws of the State of Indiana; that on the 11th day of June, 1934, there was filed in the Daviess Circuit Court by the holders of over eighty (80%) per cent of the stock in said bank a petition asking for the voluntary liquidation of said Citizens Bank; that said petition was granted and on June 14, 1934, one Luther F. Symons was appointed trustee by the Judge of said court and the assets of the bank were transferred to said trustee for the benefit of and to pay the depositors and other creditors of said bank; that on October 4, 1934, the said Symons declared a dividend of 25%; that said trustee paid their proportion of said dividends to the said plaintiffs and said trustee unlawfully paid dividends to the defendants who had made deposits in said bank. It is further alleged that on the 4th day of December, 1934, Arnold A. Irwin was appointed trustee in the place of said Symons and on the 23rd day of April, 1935, said Irwin declared a dividend of 10%; that said trustee unlawfully paid dividends to the defendants who had deposits in said bank; that on March 9, 1936, one Flavian E. Myers was appointed trustee in the place of said Irwin. It is further alleged that no dividends, other than those mentioned, from June 11, 1934, to the — day of May, 1936, have been

paid; that there is due and owing from the defendants to their creditors and the plaintiff the sum of $50,000, and has been due since April 9, 1934.

The defendants separately and severally demurred to the complaint on two grounds:

1st. That there was a defect of the parties defendant in that the Citizens Bank of Elnora, Indiana, and Flavian E. Myers as trustee of the bank are necessary parties and,

2nd. That the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained and this ruling is assigned as error.

The complaint was filed on May 9, 1936, and at that time the Financial Institutions Act of Indiana was in full force and effect. Section 63 of the original Act of 1933 was amended by the Act of 1935. Section 14, p. 22, Acts of 1935, is as follows:

"... or if, at any time after a receiver may have been appointed for any financial institution pursuant to any law in effect prior to the passage of the act of which this act is amendatory, it shall appear to the department that such financial institution is insolvent or that the cash value of its assets is not sufficient to pay its creditors in full, the department is hereby authorized and shall have the exclusive right to enforce the individual liability imposed by law upon the shareholders of such financial institution. If after a written demand has been made upon it by at least twenty-five creditors of such financial institution, duly acknowledged by each creditor signing the same before some officer authorized to take the acknowledgement of deeds, the department shall fail, neglect or refuse within sixty days thereafter to take the steps hereinafter provided for to enforce such individual liability then and in that event any creditor or creditors of such financial institution may proceed to enforce such liability by proper creditor's bill in equity."

There is no allegation in appellant's complaint that

the Citizens Bank of Elnora is insolvent and the record shows that its assets are sufficient to pay its creditors in full.

The Citizens Bank of Elnora is in voluntary liquidation under section 18-2713 Burns 1933, §8042 Baldwin's 1934. Under said section the judge of the lower court necessarily had to find that there were sufficient assets to pay the creditors of the bank in full and in order to give the court jurisdiction to grant voluntary liquidation.

Under section 14, p. 22, of the Acts of 1935 it is only when it appears to the department of financial institutions that a financial institution is insolvent or that the cash value of its assets is not sufficient to pay its creditors in full that the department is authorized and has the exclusive right to enforce the individual liability imposed by law upon the shareholders of such institution. When a private bank, such as we have in the instant case, is solvent and has sufficient assets to pay all its creditors in full then an individual creditor may maintain an action against the partners and shareholders of said bank.

As said in the case of *Hoffman* v. *Romack* (1937), 212 Ind. 421, 427, 8 N. E. (2d) 831, "It is well settled by the decisions of this court that chapter 113 of the Acts of 1907 did not create a new banking corporation but was intended to and did regulate banking business conducted by 'individuals, partnerships or unincorporated persons.' The banking business conducted pursuant to said act amounts to nothing more than a common law partnership among the owners of the stock in the bank, . . . The owners of all the stock in the Sharpsville Bank were partners and were liable as principals. As members of the partnership they were

jointly and severally liable for all of the indebtedness of the bank."

See *Hall et al.* v. *Essner et al.* (1935), 208 Ind. 99, 193 N. E. 86.

Error was committed in sustaining the demurrer to the complaint and the judgment is reversed.