Hart, J.
 

 While causes Nos. 30304 and 30306 above mentioned, involving the question of the exemption from taxation of deposits of housing authorities on the ground that they are public funds, were pending, this court decided the case of
 
 First Central Trust Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 145 Ohio St., 160, 60 N. E. (2d), 926, holding that deposits belonging to and made by a metropolitan housing authority in a financial institution constitute taxable deposits and must be returned for taxation by the financial institution in which they are deposited.
 

 Adhering to that pronouncement, this court now holds in causes Nos. 30304 and 30306 that deposits made by the metropolitan housing authority in question in a financial institution are taxable as such.
 

 In causes Nos. 30305, 30306, 30340 and 30341 the issue is presented whether money and funds collected by the Superintendent of Banks in the process of liquidation of a closed bank, or money and funds collected by
 
 *33
 
 the Superintendent of Building and Loan Associations in the process of liquidation of a closed loan association, and deposited by either of them in an open financial institution fall within the definition of deposits of
 
 “any
 
 other financial institution” and are, therefore, exempt from taxation under one of the exceptions contained in Section 5406, General Code. If a closed bank or loan association is still a “financial institution,” deposits of its funds in an open financial institution are not taxable; otherwise, they are so taxable, unless exempt under some other exception category.
 

 Section 5406, General Code (115 Ohio Laws, 571), providing for the taxation of deposits as well as the exemption of certain types of deposits, in force when the returns of the appellants were made, read as follows :
 

 “The deposits required to be returned by financial institutions pursuant to this chapter include all deposits as defined by Section -5324 of the General Code to the extent that such deposits are made taxable by Section 5328-1 of the General Code,
 
 excepting deposits belonging
 
 to the federal government or any instrumentality thereof; or to the state of Ohio or any county, municipal corporation, school district, township, or other subdivision thereof;
 
 or to any other financial institution)
 
 or to a dealer in intangibles or a domestic insurance company; or to an institution used exclusively for charitable purposes. # (Italics ours.)
 

 A “financial institution” is defined by Section 5407, General Code, which is, in part, as follows:
 

 “The term ‘financial institution’ as used in this chapter includes every person who keeps an office or other place of business, in this state, and engages in the business of receiving deposits, and of lending money, buying or selling bullion, bills of exchange, notes, bonds, stocks, or other evidences of indebtedness, with a view to profit.”
 

 
 *34
 
 The Board of Tax Appeals held that a bank or a loan association ceases to be a “financial institution” after its business and property is taken over by the Superintendent of Banks or the Superintendent of Building and Loan Associations, that such business and property are then the property of the superintendent, and that a depositor in such an institution is no longer a depositor but a creditor owning a claim against the conservator.
 

 A closed bank or loan association in charge of the superintendent as liquidator does not lose its corporate capacity until its assets have been administered and its articles of incorporation have been cancelled or surrendered. On the contrary, when such an institution is placed in proper financial condition, it may be permitted to resume business. It may be denied the right to receive deposits and to lend money but may still function as a financial institution. See Sections 687-21a, 687-23, 710-107a and 710-89a, General Code. Actively engaging in the business of receiving deposits or lending money is not the only test as to whether an institution is a “financial institution” within the meaning of Section 5407, General Code.
 

 The contract by which a depositor is made a creditor of a financial institution in which he makes his deposits and by which such institution is made his debtor cannot be and is not changed by the fact that the institution closes and undergoes liquidation. The depositor still retains the same relationship. The financial institution has simply breached its contract whereby the depositor had the right to withdraw his deposits. The depositor then has a claim in lieu of his deposit, but the institution is still a financial institution until his claim is satisfied or the institution is dissolved.
 

 The meaning of the term “financial institution” has been defined in judicial dictum by the Supreme Court
 
 *35
 
 of Indiana. An Indiana statute provides that “if, at any time after a receiver may have been appointed for any financial institution * # * it shall appear to the Department [of Financial Institutions] that such financial institution is insolvent or that the cash value of its assets is not sufficient to pay its creditors in full, the department is hereby authorized and shall have the exclusive right to enforce the individual liability imposed by law upon the shareholders of such financial institution.”
 

 In the case of
 
 Todd
 
 v.
 
 Brock
 
 (Ind.), 14 N. E. (2d), 902, the plaintiffs, creditors of a private partnership bank of Indiana which was closed and in the hands of a court-appointed trustee for liquidation, brought an action against the bank partners and shareholders to enforce the individual liability of the shareholders. From a judgment sustaining a general demurrer to the petition, the plaintiffs appealed. The Supreme Court, affirming the judgment, held that the closed bank in the process of liquidation was nevertheless a “financial institution,” and that, under the statute, the action could be maintained by the Department of Financial Institutions alone, and only in case of failure by the department to so maintain the action, could the creditors do so. On rehearing, the court reversed its judgment upon a re-examination of the allegations of the petition, and found that there were no allegations of insolvency of the bank; and that the defendants were not only shareholders but partners, jointly and severally liable for all the indebtedness of the bank, as a result of which the statute had no application. See
 
 Todd
 
 v.
 
 Brock,
 
 214 Ind., 639, 17 N. E. (2d), 467.
 

 There is another reason why closed banks and loan associations should be held to be financial institutions, and the funds arising from their liquidation and deposited by a superintendent in an open bank should be
 
 *36
 
 held to be exempt from taxation, and that is because such deposits or claims have been already subjected to taxation in the hands of the original owners under the intangible tax laws of the state.
 

 Section 5328-1, General Code, provides for the taxation of all moneys, credits, investments, deposits, and other intangible property of persons residing in the state. This includes deposits or their equivalent in closed banks or loan associations. In other words, whatever distinction may be made between deposits in a financial institution before and after it passes into the hands of a liquidator, such deposits, whether they be “deposits” or “claims,” nevertheless, are taxable as intangible property in the hands of their owner under Section 5370
 
 et seq.,
 
 General Code.
 

 The reason deposits belonging to “any other financial institution” ar.e exempted from taxation by Section 5406, General Code, is that such deposits represent a redeposit of funds theretofore deposited in such other financial institution by various depositors who continue to be liable for the payment of taxes thereon. The purpose of the General Assembly, in providing this exemption, was to prevent double taxation.
 

 The decision of the Board of Tax Appeals in this case, if approved, would result in double taxation.
 

 If the assessment is upheld, the appellant will deduct the amount of the tax from the deposit of the superintendent, thereby diminishing the amount which he can distribute to the creditors of the closed bank or loan association. See
 
 Merchants & Mechanics Federal Savings & Loan Assn. of Springfield
 
 v.
 
 Evatt, Tax Commr.,
 
 138 Ohio St., 457, 35 N. E. (2d), 831,135 A. L. R., 1474.
 

 It is inconceivable, in the absence of an express provision to the contrary, that the General Assembly would place a double tax on the depositor of a closed financial institution who, by reason of the liquidation, will probably incur some capital loss, and at the same
 
 *37
 
 time relieve the depositor of an open financial institution from a second tax when his deposits are redeposited in another financial institution.
 

 It is the opinion of this court that the deposits by the respective superintendents in these cases are exempt from taxation because they are deposits of other financial institutions and, therefore, exempt from taxation under Section 5406, General Code.
 

 The decisions of the Board of Tax Appeals in causes Nos. 30304 and 30306, relating to taxability of deposits of a metropolitan housing authority, are affirmed, and the decisions in causes Nos. 30305, 30306, 30340 and 30341, relating to the taxability of deposits by other financial institutions, are reversed and the appellee is directed to reassess such deposits in accordance with this opinion.
 

 Decisions affirmed in part and reversed in part.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.