## MARKOWITZ & COMPANY et al., Plaintiffs,

v.

## TOLEDO METROPOLITAN HOUSING AUTHORITY et al., Defendants.

Civ. No. C 70–268.

United States District Court,
N. D. Ohio, W. D.

March 23, 1977.

Cary Rodman Cooper and John Czarnecki, Hayward Cooper, Straub, Walinski, Cramer & Co., Toledo, Ohio, for plaintiffs.

William M. Connelly, Openlander, Callahan & Connelly, Toledo, Ohio, Dwight I. Hurd, Tingley, Hurd & Emens, Columbus, Ohio, for defendants.

DON J. YOUNG, District Judge:

This cause is before the Court upon motion of defendants for a stay of execution of judgment without bond pending appeal. The Toledo Metropolitan Housing Authority (hereafter TMHA) is a public housing authority created pursuant to Ohio statutes. This action was brought within the Court's diversity jurisdiction. TMHA contends that it would be exempt from posting a supersedeas bond had this litigation occurred in state court; that the supersedeas bond exemption is a state rule of substance; and that the Court must grant the stay without requiring bond under the rule of law declared in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), despite the bond requirement imposed by Fed. R.Civ.P. 62(d).

Plaintiffs accept the proposition that Ohio law controls the posting of a supersedeas bond pending appeal, but argue that defendants are not exempt from posting bond under Ohio law. It is true that Ohio statutes exempt a "political subdivision" from posting bond, but the bond statute does not define that term. Ohio Rev.Code § 2505.12. Admittedly TMHA is a political subdivision for the purpose of exempting it from taxation. Ohio Rev.Code § 3735.50. It is true that a public housing authority has been held to be a political subdivision in the sense that it "performs state functions which are governmental in character," *Cuyahoga Met. Housing Auth. v. City of Cleveland,* 342 F.Supp. 250, 257 (N.D.Ohio 1972). The issue decided in that case was whether a municipality could unilaterally cancel housing contracts it had made with the local housing authority. The district court in *Cuyahoga Met. Housing Auth., supra,* at 257, found that "a municipal legislative authority cannot subject the state or any of its agencies, to the municipality's laws in the absence of express statutory authority." In affirming the district court decision on other grounds, the Court of

Appeals noted simply that "metropolitan housing authorities constitute bodies corporate and politic with a wide range of powers." *Cuyahoga Metropolitan Housing Auth. v. Harmony,* 474 F.2d 1102, 1106 (6th Cir. 1973). Neither court found that a public housing authority is a political subdivision of the State of Ohio for all purposes, for the purpose of exempting it from bond, or for any purpose beyond resolving the conflict between two Ohio political bodies. . Finally, the Court rejects the contention that TMHA is a political subdivision because it is imbued with many attributes of sovereignty. TMHA lacks perhaps the most telling indicia of sovereignty—the power to tax, exercise of which would allow it to satisfy an outstanding judgment at any time should appeal be unsuccessful. The Ohio Supreme Court had held, prior to enactment of an exemption from taxation, that public housing authorities are not political subdivisions. *Ohio Citizens Trust Co. v. Evatt,* 146 Ohio St. 30, 63 N.E.2d 912 (1945); *First Central Trust Co. v. Evatt,* 145 Ohio St. 160, 60 N.E.2d 926 (1945). TMHA maintains that it "unquestionably" would not be required to post a supersedeas bond in state court, but this conclusion is supported by no citation to Ohio cases as authority or example.

The Court need not and does not decide the question of state law, because it is clear as a matter of federal law that TMHA must comply with the federal rule regarding supersedeas bond.

The Court finds that *Erie, supra,* does not control the issue of bond. Fed.R.Civ.P. 62(d) requires posting of a supersedeas bond to stay execution of the judgment. Only the United States is exempt from the bond requirement. Fed.R.Civ.P. 62(e). The state rule urged by TMHA directly conflicts with a federal rule of procedure enacted by Congress. "The *Erie* rule has never been invoked to void a Federal Rule." *Hanna v. Plumer,* 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965). The federal requirement that TMHA post a supersedeas bond pending appeal in no way impinges on the substantive rights of TMHA. Judgment has been rendered; the rights and obligations of the parties have been declared. TMHA has the right to appeal the judgment without posting a bond. Bond is required only if TMHA desires to stay execution of the judgment, rather than recover its assets from plaintiffs should TMHA prevail on appeal.

To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act. *Hanna, supra,* at 473–74, 85 S.Ct. at 1145.

Fed.R.Civ.P. 62(d) overrides Ohio Rev.Code §§ 2505.09, 2505.12 in this action.

Were it to apply to the issue of a post-judgment stay of execution, the. *Erie* rule would lead to the conclusion that the federal bond requirement does apply to actions in diversity, despite the fact that the state court would not require bond to stay execution of the judgment. The state rule exempting its political subdivisions from posting a supersedeas bond in no way bears upon the question "whether the litigation would come out one way in the federal court and another way in the state court" if the federal court failed to apply the state rule. *Byrd v. Blue Ridge Cooperative,* 356 U.S. 525, 537–40, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958). In *Byrd,* the Supreme Court held that in a diversity action an issue triable only to the judge in the state court should, nevertheless, be tried to a jury in the federal court. The supersedeas bond requirement is immaterial to resolving the merits of the parties' claims. Thus the federal rule controls. *Miller v. Davis,* 507 F.2d 308, 314 (6th Cir. 1974). The Court is mindful of dicta in *Joseph Skillken & Co. v. City of Toledo,* 528 F.2d 867, 870 (6th Cir. 1975) regarding imposition of bond upon a municipality. The Court of Appeals notes that a federal district court had found that state law controls the matter of supersedeas bond. *Marrow v. City of Ferguson,* 114 F.Supp. 755 (E.D.Mo.1953), *aff'd on other grounds,* 210 F.2d 520 (8th Cir. 1954). The Missouri district court so held without rea-

soning, without citation, and without the benefit of the Supreme Court's decisions in *Hanna* and *Byrd, supra.*

The Court is not unmindful of its statement in its memorandum filed January 26, 1977, that in the event of an appeal, the defendant would be entitled to a stay of execution without posting of bond. However, that statement was improvidently made, without an investigation of the authorities, or having briefs and argument addressed to the exact problem.

The matter now being presented fully upon briefs, it appears, as set forth above, that the Court does not have the discretion that the Sixth Circuit Court of Appeals said it had in its footnote in the *Skillken* case, *supra.*

More importantly, that footnote conditions the Court's exercise of discretion upon the absence of proof of likelihood of harm. The plaintiff's briefs point out that the defendant has no power to levy taxes, or to compel any appropriation of funds. The plaintiff can recover only against the property and income of the defendant held or received in its proprietorial capacity. That is subject to levies by other creditors, dissipation, or destruction by either disasters or economic development, exactly as is the property of any private commercial enterprise. It cannot be said, as this Court improvidently did say, that the delay incident to appeal does not subject the plaintiff to any likelihood of harm in these respects.

THMA is obligated to post a supersedeas bond on the same terms and conditions as parties to federal-question litigation, in order to stay execution of the judgment against it, pending appeal in this action.

THEREFORE, for the reasons stated, good cause appearing, it is

ORDERED that the motion of defendants for a stay of execution of judgment without bond pending appeal be, and it hereby is, overruled.

IT IS SO ORDERED.