Billy W. LAMON; Paul E. Pagacz; Ronald W. Ward; Donald Foltz; Michael G. McCoy; Larry Evans; John England; Mark W. Hein; Don B. Gamblin, Jr.; Franklin K. Sullivan; Mark A. Ashurst; Paul F. Arnold; Terry P. Lawson; Randy A. Peddicord; and Thomas F. Carney, Plaintiffs,

v.

**CITY OF SHAWNEE, KANSAS, Defendant.**

Civ. A. No. 88–4200–S.

United States District Court, D. Kansas.

Feb. 8, 1991.

Harold S. Youngentob, Les E. Diehl, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for plaintiffs.

Marvin E. Rainey, Marvin E. Rainey & Associates, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion of the defendant City of Shawnee, Kansas for an order staying enforcement of the judgment entered on January 4, 754 F.Supp. 1518 1991 in the above-captioned case. Defendant seeks a stay pending disposition of the appeal taken in this case without posting a supersedeas bond.

 Rule 62(d) of the Federal Rules of Civil Procedure provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay.... The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

"A party taking an appeal from federal district court is entitled to a stay of money judgment as a matter of right if he posts bond in accordance with these rules." *American Mfrs. Mut. Ins. Co. v. American Broadcasting–Paramount Theatres, Inc.*, 385 U.S. 931, 87 S.Ct. 1, 2, 17 L.Ed.2d 37 (1966); *United States v. Wylie*, 730 F.2d 1401, 1402 n. 2 (11th Cir.1984). The purpose of requiring a supersedeas bond is to "secure an appellee from loss resulting from the stay of execution." *See Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986). This court has inherent discretionary authority in setting supersedeas bonds. *Id.* (citation omitted). "It is appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical and to propose a plan that would provide adequate security for the appellee." *United States v. Kurtz*, 528 F.Supp. 1113, 1115 (E.D.Pa.), *aff'd.*, 688 F.2d 827 (3d Cir.), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982). Pursuant to D.Kan. Rule 221, the court generally sets a supersedeas bond in the amount of the judgment plus 25% of that amount to cover interest and any award of damages for delay. Any deviation from this rule will only be permitted to the extent that movant has objectively demonstrated good cause. *Metz v. United States*, 130 F.R.D. 458, 459 (D.Kan.1990) (citing

*Poplar Grove, etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

■ Defendant first argues that pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and K.S.A. 13–1407, defendant, as a municipality, is exempt from posting a supersedeas bond.[1] The court finds defendant's argument to be without merit. Specifically, the court finds that Rule 69(a) merely addresses the manner of execution of a judgment; it does not address whether the posting of a supersedeas bond pending an appeal is required.[2] Thus, the court finds no basis for defendant's assertion that Rule 69(a) incorporates the provisions of K.S.A. 13–1407 which, defendant argues, exempts municipalities from posting a supersedeas bond.

■ Defendant next argues that even if the City of Shawnee were not exempt from the requirement of posting a supersedeas bond, the court, in its discretion, should waive the supersedeas bond requirement. In support of its claim, defendant first argues that the judgment is secured by the taxing power of the defendant which could be compelled by a writ of mandamus if necessary. Second, the defendant argues that requiring defendant to post a supersedeas bond would cause the city to tie up funds out of the current budget for the sole purpose of securing the judgment in this case and this would cause the defendant to have to cut back in other areas.

Thirdly, defendant argues that the security of the plaintiffs pending an appeal is the same as plaintiff had prior to the entry of judgment.

■ As stated previously, the purpose of posting supersedeas bonds is to ensure that the judgment creditor is secured from losses which may result from a stay. In determining whether a judgment creditor is secure from such potential losses, the court is to apply general equitable principles. *Miami*, 807 F.2d at 873 (quotation omitted). Thus, the court is to protect judgment creditors without irreparably injuring judgment debtors. *Id.* Defendant has failed to present the court with any evidence that defendant would suffer any undue hardship or irreparable injury from the requirement that it post a supersedeas bond. Indeed, defendant merely asserts that it will have to pay for a supersedeas bond with money which is currently earmarked for other purposes. Defendant offers no evidence in support of this assertion. The court finds that defendant has failed to demonstrate objective good cause why the supersedeas bond requirement should be waived. The court's finding is made notwithstanding defendant's arguments that it can collect taxes or issue bonds in order to pay the judgment. The court notes that the City of Shawnee currently has no funds set aside to pay such judgment debts.[3]

As noted in *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir.1986), the require-

**1.** In support, defendant cites *Marrow v. City of Ferguson*, 114 F.Supp. 755 (E.D.Mo.1953), in which the court held that pursuant to a Missouri statute, the City of Ferguson was exempt from posting a supersedeas bond. The court finds *Marrow* to be inapposite to the facts of this case. Foremost, the court's jurisdiction in *Marrow* appears to have been diversity jurisdiction. In the instant case, this court has federal question jurisdiction. Thus, the court finds issues regarding the appeal process are governed by the Federal Rules of Civil Procedure. *See Markowitz & Co. v. Toledo Metropolitan Housing Auth.*, 74 F.R.D. 550, 551–52 (N.D.Ohio 1977).

**2.** Rule 69(a) of the Federal Rules of Civil Procedure provides:
 Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in

proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

**3.** *See Lightfoot v. Walker*, 797 F.2d 505, 506–07 (7th Cir.1986) (State of Illinois required to post a supersedeas bond to secure a judgment debt notwithstanding that Illinois had sufficient funds to pay judgment); *Dillon v. City of Chicago*, 866 F.2d 902, 905 (7th Cir.1988) (City of Chicago not required to post a supersedeas bond

ment of posting a supersedeas bond may be waived in cases wherein obtaining a bond might imperil other creditors of the defendant. Defendant has presented the court with no such evidence. Further, while defendant claims that it could raise the money by collecting taxes or issuing bonds, and thus satisfy the judgment debt from its general operating fund, defendant has only presented the court with very general information. In *Lightfoot,* the Seventh Circuit Court of Appeals rejected a similar argument of the State of Illinois because it would subject the judgment creditors to awaiting a process which would most likely be cumbersome and time-consuming. *Id.* Similarly, this court finds defendant's assertion that it could raise the money by collecting taxes or by issuing bonds to be unassuring. As Gary Montague, Shawnee City Manager, recognized in an interview published in the *Overland Park Sun,* defendant currently has no funds set aside to pay the judgment. Plaintiff's Response, exhibit A. Thus, the court finds that defendant has failed to carry its burden to objectively demonstrate any reason why this court should depart from the general rule that a judgment creditor is entitled to the posting of a supersedeas bond as a matter of right. *See Poplar Grove, etc. v. Bache Halsey Stuart, Inc.,* 600 F.2d at 1191. As stated in *Poplar Grove, etc.,* "a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Id.* Accordingly, the court will deny defendant's motion for a stay pending appeal because defendant has failed to post a supersedeas bond.[4]

IT IS BY THE COURT THEREFORE ORDERED that motion of the defendant to stay enforcement of the judgment entered January 4, 1991, is denied.

---

where it had a special fund set aside for payment of judgment debts).

**4.** The court recognizes that it did not address every argument made by defendant in its reply

brief. The court received defendant's reply immediately before the issuance of this order, and time was of the essence. Any further argument should be addressed in a motion to reconsider.