Albert L. BRINKMAN, et al., Plaintiffs,

v.

The DEPARTMENT OF CORRECTIONS of the STATE of KANSAS, Defendant.

No. 91–4208–SAC.

United States District Court, D. Kansas.

Feb. 19, 1993.

See also, 804 F.Supp. 163.

Brad E. Avery, Kansas Ass'n of Public Employees, Topeka, KS, for plaintiffs.

Charles E. Simmons, Kansas Dept. of Corrections, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on another post-trial matter. Pursuant to Fed. R.Civ.P. 62(d) and Fed.R.App.P. 7 and 8, the defendant moves for an order staying enforcement of the judgment for actual and liquidated damages and any subsequent attorney's fees proceedings.[1] The defendant seeks a stay without posting a supersedeas bond. The only argument made in support of relieving the defendant from the bond requirement is that there exists "an adequate procedure" for collecting judgments against a state agency or department like the defendant. The plaintiffs oppose lifting the bond requirement because there is no established procedure for judgments on actions brought under the Fair Labor Standards Act.

Under Rule 62(d), an appellant has a right to stay the enforcement of a money

judgment upon posting a supersedeas bond. *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992); *see American Mfrs. Mut. Ins. Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 2, 17 L.Ed.2d 37 (1966). A supersedeas bond secures the appellee from loss resulting from the stay of execution; consequently, the courts normally require a full supersedeas bond. *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Hebert*, 953 F.2d at 938 (quoting *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir.1988)). The local rules of this court require an appellant to post a supersedeas bond in the amount of the judgment plus 25%. D.Kan.Rule 221. Waiver of this requirement occurs only upon the appellant objectively demonstrating good cause. *Lamon v. City of Shawnee, Kan.*, 758 F.Supp. 654, 655 (D.Kan.1991), *reconsideration denied*, 1991 WL 105211 (D.Kan. May 10, 1991); *Metz v. U.S.*, 130 F.R.D. 458, 459 (D.Kan.1990). District courts have inherent discretionary authority in setting supersedeas bonds. *Miami Intern. Realty Co.*, 807 F.2d at 873.

As delineated by the Seventh Circuit, there are several factors relevant in deciding whether to waive a full supersedeas bond requirement:

(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment (*see Lightfoot [v. Walker]*, 797 F.2d [505] at 506 [ (7th Cir.1986) ] (noting that the "procedure for collecting a judgment against the State [of Illinois] is not only cumbersome and time consuming, but uncertain in outcome, since the judgment cannot be paid unless and until the State legislature votes to appro-

---

1. Since the filing of this motion, the court signed an agreed order requiring the defendant to pay the plaintiffs' attorney $37,631.25 in attorney's fees and staying the payment of these fees until the appeal is resolved.

priate the money necessary to pay it")); (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money" (*Olympia Equipment [v. Western Union Telegraph Co.]*, 786 F.2d [794] at 796 [ (7th Cir.1986) ]; *see also [Northern Indiana Public Service v.] Carbon County Coal Co.*, 799 F.2d [265] at 281 [7th Cir.1986] (finding that the appellant, a public utility, was solvent and "good for" the judgment)); and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position (*Olympia Equipment*, 786 F.2d at 796).

*Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir.1988). Generally, courts are reluctant to waive the bond requirement for a governmental entity unless funds are readily available, such as through a general appropriation, and a procedure is in place for paying the judgment. *See Dillon*, 866 F.2d at 905 (waived bond requirement because the city established by affidavit that an existing fund guaranteed the appellee's judgment and that payment would be processed in less than thirty days); *Lightfoot v. Walker*, 797 F.2d at 506–07 (upheld bond requirement because state had no established fund and collection depended upon the legislature appropriating the money to pay the judgment); *Lamon v. City of Shawnee, Kan.*, 758 F.Supp. at 656–57 (required bond as the city had not set aside a fund to pay such judgment debts and payment could subject the plaintiffs to a "cumbersome and time-consuming" process); *cf. Grubb v. Federal Deposit Ins. Corp.*, 833 F.2d 222, 226 (10th Cir.1987) (observed that the federal government generally is not required to post a supersedeas bond because of a general appropriations fund in the Trea-

sury for payment of judgments and because of an expedient and convenient means for collection).

■ The defendant cites K.S.A. 75–6117 as the provision establishing a fund and creating a procedure by which the plaintiffs can promptly collect on their judgment. This statute reads in pertinent part:

(a) There is hereby established in the state treasury the tort claims fund which shall be administered by the attorney general. All expenditures from such fund shall be made upon warrants of the director of accounts and reports pursuant to vouchers approved by the attorney general or by a designee of the attorney general.

(b) Moneys in the tort claims fund shall be used only for the purpose of paying (1) compromises, settlements and final judgments arising from claims against the state or an employee of the state under the Kansas tort claims act or under the civil rights laws of the United States or of the state of Kansas and (2) costs of defending the state or an employee of the state in any actions or proceedings on those claims.

The plaintiffs' recovered against the defendant on their overtime wage claims under the Fair Labor Standards Act ("FLSA"). Their claims did not allege a violation of or seek a remedy under the Kansas Tort Claims Act or any civil rights laws of the United States or State of Kansas. The defendant offers no factual or legal basis for why it believes the plaintiffs can collect their judgment from this fund. Nor can the court appreciate how the tort claims fund created by this statute is available to the defendant in the payment of the plaintiffs' judgment.[2] An action for overtime wages under the FLSA is not a claim alleging the violation of rights protected by civil rights statutes.

■ The defendant offers no other argument for staying the enforcement of the

---

**2.** The defendant's reliance on this statute seems to contradict the position it took in a telephone conference held on October 2, 1992. When asked if mediation would assist the parties in resolving the case, the defendant's counsel expressed several concerns, including:

"The other concern is obviously fiscal about having the funds available in the budget to pay

a settlement. We've discussed this a considerable amount with the Secretary and with the management staff of the Department, and I think right now the concern is that bringing a settlement will encourage remaining officers, obviously in our view, to file claims. The defendant then would be hard pressed not to honor those claims."

judgment without requiring a supersedeas bond. The defendant has the burden of objectively demonstrating good cause why this court should deviate from the general rule of imposing a full supersedeas bond before execution of the judgment is stayed pending appeal. "[A] supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Poplar Grove, etc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979). Having failed to show it is entitled to this privilege, the defendant's motion for stay of judgment pending appeal without the posting of a supersedeas bond is denied.

IT IS THEREFORE ORDERED that the defendant's motion for stay of judgment (Dk. 87) is denied.