James Harold WILMER, Jr., Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, Defendant.**

**Civ. A. No. 91–2265–GTV.**

United States District Court, D. Kansas.

Nov. 19, 1993.

Memorandum Denying Reconsideration Dec. 29, 1993.

Arthur R. Stirnaman, Chapman, Waters & Baxter, John L. White, Law Offices of John L. White, Leavenworth, KS, for James Harold Wilmer, Jr.

Robert D. Beall, Davis, Beall, McGuire & Thompson, Chtd., David C. VanParys, County Counselor, Leavenworth, KS, for Board of County Com'rs of Leavenworth County.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the following post-trial motions:

Plaintiff's motion for payment of judgment (Doc. 122);

Defendant's motion for stay of proceedings to enforce payment (Doc. 126); and

Plaintiff's motion for order in mandamus (Doc. 130).

The motions are denied. Enforcement of the judgment may be stayed only upon the filing of a supersedeas bond or other security with the Clerk of the Court.

### I. Background

This is a diversity of citizenship personal injury action brought by plaintiff James Harold Wilmer, Jr. Plaintiff alleged that on March 26, 1989, he was injured in a motorcycle accident at a curve on County Road 21 located in Leavenworth County, Kansas. He alleged that defendant's negligent maintenance and placement of a warning sign at a curve on County Road 21 was the proximate cause of both the accident and his injuries. Defendant countered that plaintiff's own negligence was the proximate cause of the accident and his injuries.

Plaintiff's action was tried to a jury for a third time from August 16 to August 20, 1993. After deliberating, the jury returned a verdict in favor of plaintiff. The jury found plaintiff to have been 35% at fault and defendant to have been 65% at fault. The jury also found plaintiff to have suffered a total of $982,242.00 in damages, yielding a judgment in the amount of $638,457.30.

Following the entry of judgment on August 20, 1993, the defendant moved for a new trial on August 30, 1993. The court denied the motion for new trial on October 8, 1993, and defendant then filed a timely notice of appeal on November 5, 1993.

In his first motion (Doc. 122), plaintiff requests an order in mandamus from the court requiring the defendant to pay the judgment, together with interest and costs. Plaintiff's second motion (Doc. 130) also asks for an order in mandamus, but one that would only require the defendant to collect by tax levy the amount needed to satisfy the judgment, interest, and costs. The collected funds would not be paid out until after the appeal is decided. In both motions, the plaintiff requested that in the alternative defendant be required to post a supersedeas bond.

Fed.R.Civ.P. 62(d) entitles the appellant to a stay of execution of a judgment upon the posting of a supersedeas bond. The defendant in its motion for stay of proceedings has asked the court to excuse it from posting such a bond. The defendant's argument is based on a Kansas statute that amended K.S.A. 19–108 effective April 15, 1993. Section (b) of the amended section reads: "(b) The county shall not be required in any proceeding in any court to give security for costs on appeal, or any stay or supersedeas bond, where the county is plaintiff or defendant." 1993 Kan.Sess. Laws 149.

## II. Discussion

The defendant (the County) first argues that the state statute in conjunction with Rule 62(d) entitles the County to an exemption from the bond posting requirement. Rule 62(d) reads:

(d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

▬ An appellant is entitled to a stay on execution of the judgment as a matter of right if it posts bond in accordance with Rule 62(d). *In re Federal Facilities Realty Trust,* 227 F.2d 651, 655 (7th Cir.1955). The purpose of requiring a supersedeas bond is to "secure an appellee from loss resulting from the stay of execution." *Miami Int'l Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir. 1986). The local rules of this court require an appellant to post a supersedeas bond in the amount of the judgment plus 25%. D.Kan. Rule 221.

The County's argument seems to be that Rule 62(d) entitles an appellant to a stay when the appellant posts a supersedeas bond. Since the County is excused from the bond posting requirement by Kansas statute, the County argues that the stay should be automatic. The question, then, is which rule controls: the state statute or the federal rule of procedure.

This issue was addressed by Judge Saffels in *Lamon v. City of Shawnee, Kan.,* 758 F.Supp. 654 (D.Kan.1991). Judge Saffels held that the defendant city was not entitled to an order staying enforcement of a judgment without posting a supersedeas bond. The city argued that as a municipality it was exempt from posting a bond pursuant to Kansas statute.[1] Judge Saffels held that the federal rules rather than the state statute

controlled. He noted, however, that the court's jurisdiction in that case was based on a federal question rather than diversity. Thus, there was no *Erie* question to address. *See Erie Ry. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

At least one federal court has ruled that the issue of staying execution without bond during appeal is substantive rather than procedural, and therefore a state statute similar to the one in Kansas should control in diversity cases. A more recent case, however, found the opposite.

In *Marrow v. City of Ferguson,* 114 F.Supp. 755 (E.D.Mo.1953), the court ruled that Missouri statutes, similar to the Kansas statute, created substantive rights, not merely procedural, in dispensing with bond on appeal. This holding was endorsed in dicta by the Sixth Circuit in *Joseph Skillken & Co. v. City of Toledo,* 528 F.2d 867, 870 (6th Cir.1975), but has not been directly adopted by any other court.

A contrary holding is found in *Markowitz & Co. v. Toledo Metro. Hous. Auth.,* 74 F.R.D. 550 (N.D.Ohio 1977). That court noted the Sixth Circuit's dicta, but still concluded that *Erie* did not control the issue of bond posting and that the Federal Rules should apply. The court also recognized the contrary holding by the Missouri court in *Marrow,* but noted that the *Marrow* decision had been made without any reasoning or citation and without the benefit of the later Supreme Court decisions in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) and *Byrd v. Blue Ridge Rural Elec. Coop.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 *reh'g denied,* 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375 (1958).

The *Markowitz* court found that the federal requirement that the appellant post a supersedeas bond pending appeal did not impinge on the appellant's substantive rights. Judgment had already been rendered and the appellant could pursue its appeal without posting bond. Bond only enabled the appellant to stay execution of the judgment, rather than recover its assets from the other party

---

1. The statute at issue in that case is worded identically to the one pertaining to counties: "The city shall not be required in any proceeding in any court to give security for costs on appeal, or any stay or supersedeas bond, where the city is plaintiff or defendant." K.S.A. 13–1407.

should the appellant ultimately prevail. The court observed that the state rule exempting political subdivisions from posting a supersedeas bond did not implicate the question of " 'whether the litigation would come out one way in the federal court and another way in the state court' if the federal court failed to apply the state rule." 74 F.R.D. at 551 (quoting *Byrd*, 356 U.S. at 537, 78 S.Ct. at 900–01). The court concluded that the federal rule should control since "the supersedeas bond requirement is immaterial to resolving the merits of the parties' claims." 74 F.R.D. at 551.

■ This court finds the *Markowitz* decision to be well-reasoned and adopts its conclusion that Rule 62(d) rather than state statute controls the question of posting a bond to stay execution of a judgment. As a result, the County is not entitled to an order staying execution based solely on the state statute.

■ The County's second argument is that the stay should be granted based on Rule 62(f) which states:

(f) Stay According to State Law. In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

Fed.R.Civ.P. 62(f).

This rule entitles a judgment debtor to the same stay in the district court as would be accorded in a state court if: (1) the judgment results in a lien on the property of the judgment debtor, and (2) the judgment debtor is entitled to a stay under state law. *Hoban v.*

*Washington Metro. Area Transit Auth.*, 841 F.2d 1157, 1158 (D.C.Cir.1988).

■ Amended K.S.A. 19–108, by exempting counties from any requirement to post a supersedeas bond, implies that a county would be entitled to a stay under state law. The other requirement of Rule 62(f), however, is not met. This judgment resulted in no lien on the County's property, and therefore the County is not entitled to a stay under Rule 62(f).

Section (a) of K.S.A. 19–108, as recently amended, states:

(a) When a judgment is rendered against the board of county commissioners of any county, or against any county officer in an action prosecuted by or against the county officer in the officer's name of office, where the judgment should be paid by the county, *no execution shall issue upon the judgment. The judgment shall be levied and collected by tax, as other charges.* When so collected the judgment shall be paid by the county treasurer to the person to whom it is adjudged, upon delivery of a proper voucher therefor.

1993 Kan.Sess. Laws 149 (emphasis added). While the statute does not explicitly preclude creation of liens on county property, the effect is the same. The statute specifically provides that no execution shall issue upon a judgment against the county. It also identifies the method that counties must use to pay judgments, i.e., by levying and collecting taxes. The effect of this statute is that the judgment entered in this case is not a lien upon county property.[2]

The court in *Lamon v. City of Shawnee, Kan.*, No. 88–4200–S, 1991 WL 105211 (D.Kan. May 10, 1991),[3] held that the defendant municipality was not entitled to a stay as a matter of right under Rule 62(f) because

---

**2.** A judgment lien in Kansas attaches only to real property owned by the judgment debtor in the county in which the judgment was rendered. K.S.A. 60–2202. Even if a lien did arise against the county's real property, the stay pursuant to Rule 62(f) would apply only to that property. *See Matthews v. CTI Container Transp. Int'l, Inc.*, 689 F.Supp. 348, 351 (S.D.N.Y.1988); *Van Huss v. Landsberg*, 262 F.Supp. 867 (W.D.Mo.1967). The fact that state law may provide for a stay of execution against personal property is immaterial since Rule 62(f) is intended to only give an

automatic stay in accordance with state law in those cases in which the judgment creditor has the security of his lien. The policy here is against any unsecured stay of execution. *Van Huss*, 262 F.Supp. at 870.

**3.** This decision resulted from defendant's motion for reconsideration of the court's order discussed earlier. *See Lamon v. City of Shawnee, Kan.*, 758 F.Supp. 654 (D.Kan.1991).

no lien arose on city property pursuant to a state statute.[4] The *Lamon* court was considering a similar state statute that relieved cities from the requirement to post a supersedeas bond. *See* K.S.A. 13–1407. As in this case, since the judgment entered did not result in a lien upon any of defendant's property, defendant was not entitled to the same stay of execution as it would be if the case were pending in state court. Consequently, the court concludes that the County is not entitled to a stay without posting bond as a matter of right under Rule 62(f).

 For the reasons explained above, the County is not automatically entitled to a stay without posting a supersedeas bond. The district court, however, has discretionary authority to permit a stay without requiring a full supersedeas bond when the judgment creditor's interests would not be unduly endangered. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986); *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir.1986). Waiver of the requirement of a bond in the full amount will only be granted if the appellant objectively demonstrates good cause. *Lamon v. City of Shawnee, Kan.*, 758 F.Supp. 654, 655 (D.Kan.1991); *Metz v. United States*, 130 F.R.D. 458, 459 (D.Kan.1990).

Judge Crow recently cited the factors delineated by the Seventh Circuit relevant to deciding whether to waive a full supersedeas bond requirement. Those factors are: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Brinkman v. Dep't of Corrections*, 815 F.Supp. 407, 408–09 (D.Kan.1993).

 Since the County has taxing authority, it is apparent that it has the ability to raise the money. This alone, however, does not justify waiving the bond requirement. Courts are generally reluctant to waive the bond requirement for governmental entities unless funds are readily available and an effective procedure is in place for paying the judgment. *Id.* at 409. *See also Dillon v. City of Chicago*, 866 F.2d 902, 905 (7th Cir. 1988) (bond requirement waived because city had existing fund guaranteeing appellee's judgment and procedure to process payment in less than thirty days); *Lightfoot v. Walker*, 797 F.2d 505, 506–07 (7th Cir.1986) (bond required because state had no established fund and payment required legislative action); *Brinkman*, 815 F.Supp. at 409–10 (bond required because established state fund and procedure did not apply to paying type of judgment awarded); *Lamon v. City of Shawnee, Kan.*, 758 F.Supp. 654, 656–57 (bond required because city had no fund from which to pay such judgments and process to pay judgment could be "cumbersome and time-consuming").

The fact that the judgment amount in this case is large means that its payment will not be a routine matter. The County is not contending that it now has the funds available or would be able to raise the funds in a timely manner after the appeal is decided. On the contrary, it is likely that considerable time will be needed to raise the funds. In addition, there is no indication that the requirement to post a bond will place the County's other creditors in an insecure position.

 The County has the burden to objectively demonstrate good cause for waiving the requirement that a full supersedeas bond be posted. *Brinkman*, 815 F.Supp. at 410. *See also Poplar Grove Planting and Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979) ("[A] supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money."). The County has not met this burden and therefore its motion for stay of judgment pending appeal without the posting of a supersedeas bond is denied.

4. The statute at issue in that case applies only to city property. *See* K.S.A. 12–151.

## III. Conclusion

The court will stay enforcement of judgment in this case only upon defendant's posting a supersedeas bond or other security acceptable to plaintiff in an amount that would adequately protect plaintiff and comport with the requirements of D.Kan. Rule 221, i.e., $798,071.62. Defendant shall file said security with the Clerk of the Court on or before December 20, 1993.

Because the court has indicated that it will stay enforcement of judgment during the pendency of defendant's appeal upon the posting of adequate security, the plaintiff's motions for payment of judgment and for an order in mandamus are denied. However, if defendant fails to post adequate security according to the terms of this Order, plaintiff may renew his motions.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for a stay of proceedings to enforce the judgment (Doc. 126) is denied.

IT IS FURTHER ORDERED that plaintiff's motions for payment of judgment (Doc. 122) and for an order in mandamus (Doc. 130) are denied.

IT IS FURTHER ORDERED that defendant will be granted a stay of enforcement of judgment pursuant to Fed.R.Civ.P. 62(d) upon the filing of a supersedeas bond or other security in the amount of $798,071.62 with the Clerk of the Court on or before December 20, 1993.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.

## MEMORANDUM AND ORDER
## ON RECONSIDERATION

This case is before the court on the following post-trial motions:

Defendant's Motion for Reconsideration (Doc. 137);

Defendant's Motion for Enlargement of Time to Amend Judgment (Doc. 139);

Defendant's Motion to Amend Judgment (Doc. 139); and

Plaintiff's Renewed Motion for Payment of Judgment (Doc. 143).

Defendant's Motion for Reconsideration of this court's Memorandum and Order dated November 19, 1993, is denied. Because more than ten days have elapsed since the entry of judgment and the court has no authority to extend the ten day time limitation, the defendant's motions related to amending the judgment are denied. Finally, plaintiff's renewed motion for payment of judgment will be granted. The court's reasoning follows.

## I. Background

This is a diversity of citizenship personal injury action brought by plaintiff James Harold Wilmer, Jr. Plaintiff alleged that on March 26, 1989, he was injured in a motorcycle accident at a curve on County Road 21 located in Leavenworth County, Kansas. He alleged that defendant's negligent maintenance and placement of a warning sign at a curve on County Road 21 was the proximate cause of both the accident and his injuries. Defendant countered that plaintiff's own negligence was the proximate cause of the accident and his injuries.

Plaintiff's action was tried to a jury for a third time from August 16 to August 20, 1993. After deliberating, the jury returned a verdict in favor of plaintiff. The jury found plaintiff to have been 35% at fault and defendant to have been 65% at fault. The jury also found plaintiff to have suffered a total of $982,242.00 in damages, yielding a judgment in the amount of $638,457.30.

Following the entry of judgment on August 20, 1993, the defendant moved for a new trial on August 30, 1993, and the court denied the motion on October 8, 1993. Judgment was entered by the Clerk on November 8, 1993, denying the motion for new trial pursuant to the court's order. Defendant then filed a timely notice of appeal on December 6, 1993.[1]

On November 19, 1993, the court issued a Memorandum and Order in response to plaintiff's motions for payment of judgment

---

1. Defendant originally filed its Notice of Appeal on November 5, 1993, prior to the judgment pursuant to the court's October 8, 1993, order being entered by the Clerk.

and order in mandamus, and defendant's motion for a stay of proceedings to enforce judgment while its appeal was pending. In that Order, the court ruled that it would stay enforcement of the judgment in this case only upon defendant's posting a supersedeas bond or other security acceptable to plaintiff in the amount of $798,071.62.[2] Defendant was ordered to file this security with the Clerk of the Court on or before December 20, 1993.

## II. Motion for Reconsideration

In the November 19, 1993, Order this court ruled that defendant was not entitled to a stay of proceedings to enforce judgment as a matter of right, and further ruled that it would be entitled to a stay only upon posting the security described above. Specifically, the court declined to exercise its discretionary authority to permit a stay without requiring a full supersedeas bond. In reaching this conclusion, the court found that the defendant had not met its burden to demonstrate good cause for waiving the bond requirement.

In its motion for reconsideration, defendant urges the court to find good cause for waiving the bond requirement. Defendant cites a state statute, K.S.A. 75–6113, which would permit the defendant to pay the judgment by issuing no-fund warrants, temporary notes, or general obligation bonds. Defendant claims that this is a routine process that could be accomplished well within a 30–day period. As a result, defendant argues that the court should have a high degree of confidence that funds would quickly be available to pay any judgment and, as a result, the posting of a supersedeas bond is unnecessary and the cost of such bond would constitute a waste of public funds.

 Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2)

availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Estate of Pidcock v. Sunnyland America, Inc.,* 726 F.Supp. 1322, 1333 (S.D.Ga.1989); *see Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981).

 None of these situations is present here. There has been no intervening change in the law, and the court's prior order contains no clear error and results in no manifest injustice. Finally, defendant's discussion of the Kansas statute that provides a mechanisms for counties to raise money to pay judgments does not represent new evidence. In the November 19, 1993, Order the court acknowledged that the county has the ability to raise the money necessary to pay this judgment. The Order further noted that this fact alone "does not justify waiving the bond requirement. Courts are generally reluctant to waive the bond requirement for governmental entities unless funds are readily available and an effective procedure is in place for paying the judgment." November 16, 1993, Memorandum and Order at 10 (citing *Brinkman v. Dep't of Corrections,* 815 F.Supp. 407, 409 (D.Kan.1993)).

The defendant county has provided the court with no evidence that it has an effective procedure in place for paying such a judgment. This factor, combined with the delaying tactics employed by defendant throughout the course of this litigation, compel the court to reaffirm its finding that no good cause exists for waiving the bond requirement. The motion for reconsideration is denied.

## III. Motions Relating to Amending Judgment

 Defendant has also moved to amend the judgment based on a state statute that limits the liability of a county to $500,000.00. *See* K.S.A. 75–6105. This motion was filed on December 6, 1993, and the issue had not previously been raised in these proceedings.

Because Fed.R.Civ.P. 59(e) requires that a motion to alter or amend a judgment be filed within ten days after entry of the judgment, defendant has also moved for an enlargement

**2.** This amount is pursuant to local rules requiring an appellant to post a supersedeas bond in the amount of the judgment plus 25%. D.Kan. Rule 221.

**1422**

of time pursuant to Fed.R.Civ.P. 6(b)(2). While Rule 6(b) deals with enlargements of time periods, it expressly provides that a district court may not extend the time periods stated in Rule 59(b), (d), and (e). It is well established that a district court has no authority to enlarge the Rule 59(e) ten day time limitation. *See Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n*, 781 F.2d 935, 941 (D.C.Cir.1986); *Denley v. Shearson/American Express, Inc.*, 733 F.2d 39, 41 (6th Cir. 1984); *Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 154 (1st Cir.1980).

The fact that defendant had filed a timely motion for new trial is irrelevant. This issue was never brought up in that motion. The court ruled on that motion over two months ago. The judgment is now final and an appeal has been taken. As a result, there is no basis for considering at this point a motion to amend judgment under Rule 59(e).

### IV. Plaintiff's Renewed Motion for Payment of Judgment

In the November 19, 1993, Memorandum and Order the court ruled that enforcement of the judgment would be stayed on the condition that defendant file adequate security with the Clerk of the Court on or before December 20, 1993. Defendant has failed to comply with that order. To date, no bond or other security has been filed with the Clerk. As a result, the court will grant plaintiff's renewed motion for payment of judgment. A separate order in mandamus, pursuant to K.S.A. 19–108, directing defendant to pay the entire judgment amount no later than January 17, 1994, is being issued this date.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for reconsideration (Doc. 137) is denied.

IT IS FURTHER ORDERED that defendant's motion to amend judgment and motion for enlargement of time to move to amend judgment (Doc. 139) are denied.

IT IS FURTHER ORDERED that plaintiff's renewed motion for payment of judgment (Doc. 143) is granted.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.