28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Henry VILLA, Plaintiff,
David L. SMITH, Appellant,
v.
BOARD OF COUNTY COMMISSIONERS of the County of Arapahoe;
Alan Thelen; Ann Harden; Ramesh Kapoor,
Defendants-Appellees.
 No. 93-1171.
 United States Court of Appeals, Tenth Circuit.
 July 11, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 TACHA
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court awarding $450 in attorney's fees to be paid by plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11. Plaintiff appeals and contends that the district court abused its discretion in assessing these attorney's fees. Specifically, counsel for plaintiff argues that he presented "colorable claims based on the facts and law at issue," that the timing of the imposition of sanctions was improper, and that he was not provided adequate notice prior to the imposition of sanctions. We affirm.
 
 
 3
 Plaintiff's counsel concedes that, under Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990), we review the district court's imposition of Rule 11 sanctions only for an abuse of discretion. After reviewing the record, we find that the district court was well within its discretion in determining that sanctions were appropriate in this case. The timing of the sanctions order at issue is also within the discretion of the trial court. See Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2138-39 (1991) (commenting that, depending upon the situation, Rule 11 sanctions may be imposed years after a judgment on the merits).
 
 
 4
 Specifically with respect to the question of notice, we reject plaintiff's counsel's contention that an abuse of discretion occurred because he did not receive adequate notice that sanctions were being considered and was not given an adequate opportunity to respond. These are the basic due process requirements in the Rule 11 context. Braley v. Campbell, 832 F.2d 1504, 1514 (10th Cir.1987). In reviewing the notice question we keep in mind that "[d]ue process is a flexible concept, and the particular procedural protections vary, depending upon all the circumstances." Id. For example, "[a]n opportunity to be heard does not [necessarily] require an oral or evidentiary hearing on the issue." White v. General Motors Corp., 908 F.2d 675, 686 (10th Cir.1990), cert. denied, 498 U.S. 1069 (1991).
 
 
 5
 In this case, the record clearly shows that plaintiff's counsel was afforded both adequate notice and opportunity to be heard. He received notice in the form of the opposing party's motion for attorney's fees. See Braley, 832 F.2d at 1515 ("if a party has already made a motion or request in its brief that sanctions be imposed, and identified the party or counsel it wants to be sanctioned, the notice requirements are satisfied"). He also had been specifically warned by the court that future frivolous motions would warrant sanctions. The trial court said that if such conduct continued "sanctions under Fed.R.Civ.P. 11 [would] be imposed." Counsel neither heeded the court's warning--he continued the same course of conduct--nor responded to the trial court's concern with an explanation. Because counsel provides no evidence that the district court prevented him from filing a response to the opposing party's motion, we likewise reject his assertion that he was deprived of an adequate opportunity to be heard. See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 830 (10th Cir.1990) (noting that an oral or evidentiary hearing is not required, but that "prior to imposing fees and costs upon an attorney for whatever reason, the district court should provide an attorney with an opportunity to fully brief the issue"). Against this backdrop it is also relevant that the district court imposed a sanction of only $450 in attorney's fees. See Id. (noting that "the process due ... depends upon the severity of the considered sanctions" and citing as an example that the process due where the sanction is outright dismissal of an action is far greater than the process due where the sanction is payment of attorney's fees).
 
 
 6
 Under these circumstances we find the requirements of due process to have been satisfied. While the procedure followed by the district court may not have been ideal, it was sufficient. No abuse of discretion occurred.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470