James Harold **WILMER**, Jr., Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, Defendant.**

Civ. A. No. 91–2265–GTV.

United States District Court, D. Kansas.

Dec. 21, 1994.

Arthur R. Stirnaman, Chapman, Waters & Baxter, John L. White, Law Offices of John L. White, Leavenworth, KS, for plaintiff.

Robert D. Beall, Davis, Beall, McGuire & Thompson, Chtd., David C. VanParys, County Counselor, Leavenworth, KS, for defendant.

### *MEMORANDUM AND ORDER*

VAN BEBBER, District Judge.

Defendant has filed a motion for stay pending appeal (Doc. 200). For the reasons stated below, the motion is denied.

Following a jury verdict, the court entered judgment in favor of plaintiff in the amount of $638,457.30 on August 20, 1993. Defendant took an appeal from this judgment and also appealed two post-trial rulings made by this court. On August 26, 1994, the Tenth Circuit entered an Order and Judgment affirming the district court on all issues on appeal. *See Wilmer v. Board of County Commissioners of Leavenworth County,* 28 F.3d 114 (10th Cir.1994).

On October 31, 1994, this court entered an order in mandamus requiring defendant to satisfy the judgment on or before December 23, 1994, by issuing no-fund warrants, temporary notes, or general obligation bonds pursuant to K.S.A. 75–6113. Defendant filed a timely notice of appeal, and on December 12, 1994, filed a motion for stay of the court's order pending appeal.

Defendant states that its motion for stay is brought pursuant to Federal Rule of Appellate Procedure 8(a). Fed.R.App.P. 8(a) provides that an application for stay of a district court's order or judgment pending appeal "must ordinarily be made in the first instance in the district court." The procedures set forth in Fed.R.Civ.P. 62 apply to applications for stays sought in the district court.

The court's October 31, 1994, order which defendant has appealed and which is the subject of defendant's motion for a stay, is an order in mandamus which requires defendant to satisfy the judgment on or before December 23, 1994. As such, the stay requested by defendant is not a stay of the judgment itself but rather a stay of the court's order, issued pursuant to Fed.R.Civ.P. 69(a), requiring satisfaction of the judgment.

Defendant has not posted or offered to post a supersedeas bond. The court previously denied defendant's request for stay pending its appeal from the August 20, 1994, judgment. *See Wilmer v. Board of County Commissioners,* 844 F.Supp. 1414 (D.Kan. 1993). In that decision, the court found that defendant was not entitled to a stay absent the posting of a supersedeas bond, and that defendant had not established good cause for waiving the supersedeas bond requirement. 844 F.Supp. at 1419. The same rationale applies today, and the court denies defendant's motion for a stay based on Fed.R.Civ.P. 62(d) or (f).

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for stay pending appeal (Doc. 200) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**