DECISION ON MOTION FOR A STAY OF EXECUTION WITHOUT A BOND
Before the Court is defendants' request for a stay of execution of judgment without a bond in the above-entitled action. The plaintiff objects to said motion, arguing that a supersedeas bond is required pursuant to R.I. Super. R. Civ. P. 62 (d).
Rhode Island Rule of Civil Procedure 62 (d) provides in pertinent part that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . ." and further states that such "stay is effective when the supersedeas bond is approved by the Court." The plain and clear language of Rule 62 is that after the expiration of the 20 day automatic stay or of the time for appeal from the judgment has expired, as mandated by R.C.P. 62 (a), the appellant "may" obtain a stay by giving a supersedeas bond. Despite the amended rule's recognized inconsistency with the Reporter's Notes, which are unamended, the rule is clear and even more currently interpreted by one of its drafters, Professor Robert B. Kent. In his article, "Proposed Amendments to the Superior Court Rules of Civil Procedure," Professor Kent explains that "[t]he proposed amendment to Rule 62 introduces to Rhode Island the requirement of a supersedeas bond in order to stay enforcement of a judgment for money during the pendency of an appeal. This follows long established federal practice." Professor Robert B. Kent, Proposed Amendments to theSuperior Court Rules of Civil Procedure, 6 Rhode Island Bar Journal 29, 31 (March 1995).
The purpose of the supersedeas bond is "to secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligations pending appeal and to protect the prevailing party from costs that it incurs in foregoing execution of the judgment until the appeal is decided." 30 AM. JUR. 2d Executions and Enforcement of Judgments § 35 (1994) Furthermore, it is the movant's burden to demonstrate that such a bond is not required and that the Court should order an unsecured stay pursuant to Rule 62. Id.
In the instant matter, for waiver of the supersedeas bonds under R.C.P. 62 (f), defendants proffer the "law of the case" doctrine as their "objective good cause." Lamon v. City ofShawnee. Kan, 758 F. Supp. 654, 656 (D. Kan. 1991). The defendants contend that they had earlier in the litigation requested a stay of the proceedings. The Court's granting said stay but denying plaintiff's request for a bond, defendants now maintain, has become the law of the case.
It is well-settled that the law of the case doctrine which is addressed to the court's discretion pertains only to conclusions of law. U.S. v. Eleven Vehicles, 898 F. Supp. 1143, 1155 (E.D. Pa. 1995) (citing Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)). A stay of proceedings is an order of the Court. Furthermore, even with respect to a ruling of law, such a ruling need not be followed per the law of the case doctrine if the court determines same is "no longer sound" for reasons including changed conditions or the prevention of manifest injustice. People of City of Aurora v. Allen885 P.2d 207, 212 (Colo. 1994). In the instant matter, judgment has now intervened, causing the within request for a stay without a supersedeas bond to be post-judgment. Accordingly, the doctrine of the law of the case is inapplicable and further does not constitute the good cause the movant must demonstrate in order to carry his burden to show why the bond should be waived.
For the above reasons, this Court, pursuant to R.I. Super. Civ. P., 62, will stay execution of judgment upon defendants' filing of a supersedeas bond for the amount of said judgment.
Counsel shall present the appropriate order for entry.