NATIONAL INDIAN YOUTH COUNCIL, a Non-profit N.M. Corp.; Martha Begay; Redhorse Begay; Keenashan Begay; Oscar Begay; Nancy Begay; Gabriel Bitsui; Louise LaMone; Eugene LaMone; Marie Smith; Priscilla Yazzie; Nakai Yazzie; Frank Bitsui and Alice Bitsui, Plaintiffs-Appellants,

v.

Cecil D. ANDRUS; Forrest Gerald; Keith Higginson; Vincent E. McKelvey and William T. Whalen, Defendants-Appellees,

El Paso Natural Gas Company and Consolidation Coal Company, Intervenors-Defendants.

No. 80–1492.

United States Court of Appeals, Tenth Circuit.

Argued June 20, 1980.

Decided June 27, 1980.

John Kelly, Albuquerque, N. M. (Luebben, Hughes & Kelly, Albuquerque, N. M., was with him on briefs), for plaintiffs-appellants.

Jerry Jackson (David C. Cannon, Jr., Atty., Dept. of Justice, Washington, D. C., was with him on briefs), for defendants-appellees.

Victor R. Ortega, Albuquerque, N. M. and D. Alan Rudlin, Richmond, Va. (Montgomery & Andrews, William Clint Parsley, Santa Fe, N. M., Hunton & Williams and T. S. Ellis, III, Richmond, Va., were with them on briefs), for intervenors-defendants.

Before SETH, BREITENSTEIN and SEYMOUR, Circuit Judges.

PER CURIAM.

This appeal under 28 U.S.C. § 1292(a)(1) attacks the denial of a preliminary injunction by the United States District Court for the District of New Mexico. The controversy concerns the validity of a lease by the Navajo Nation for coal mining operations on the Navajo Reservation.

The plaintiffs are 12 individual Navajo Indians and the National Indian Youth Council, a nonprofit organization. The defendants are the Secretary of the Interior and various officials of the United States Department of the Interior. The lessees, Consolidation Coal Company and El Paso Natural Gas Company, hereafter ConPaso, were permitted to intervene. The complaint alleges that in approving the lease, the Secretary violated the National Environmental Policy Act, 42 U.S.C. § 4321 et seq.; the National Historic Preservation Act of 1966, 16 U.S.C. § 470 et seq.; Executive Order No. 11593 (1971); and the Historic and Archeological Data Preservation Act of 1974, 16 U.S.C. § 469 et seq. The plaintiffs seek a declaratory judgment that the lease is void and injunctive relief. The Navajo Nation has not been joined as a party in the case.

The trial court held extensive evidentiary hearings. A temporary restraining order was granted and extended once. The court denied a preliminary injunction and injunctive relief pending appeal. On the motion of the plaintiffs-appellants, we granted a temporary injunction pending appeal and required briefing on the question of the continuance of that injunction. The appellees, intervenors-defendants, moved for the dissolution of the temporary injunction. Comprehensive briefs have been filed on the question of the continuance or dissolu-tion of the temporary injunction pending appeal, and the matter has been argued orally. We deny the request of the plaintiffs-appellants for the continuance of the injunction and grant the motion of the intervenors-defendants, supported by the federal officials, for the dissolution of the temporary injunction pending appeal.

■ The case is not before us on the merits. The determination of a motion for a preliminary injunction and a decision on the merits are different. *Penn v. San Juan Hospital, Inc.,* 10 Cir., 528 F.2d 1181, 1185; and *Valdez v. Applegate,* 10 Cir., 616 F.2d 570, 572. The factors for consideration in deciding whether an appellate court should stay the operations under the lease are (1) likelihood of success on the merits, (2) harm to the petitioners, (3) harm to the respondents, and (4) harm to the public interest. See *Battle v. Anderson,* 10 Cir., 564 F.2d 388, 397, and *Associated Securities Corp. v. SEC,* 10 Cir., 283 F.2d 773, 775.

We express no opinion on the likelihood of success on the merits. We are confronted with a lengthy and complex record containing, among other things, two Environmental Impact Statements and one Environmental Assessment filled with expert opinions on diverse technical subjects relating to mining, grazing, reclamation of land, archeology, paleontology, and other esoteric subjects. An evaluation of these issues must await an appeal from the trial court's decision on the merits. We confine our discussion to the other three factors.

■ The trial court found:

"33. It is planned that mining in the ConPaso project will take place in small and discrete increments over the course of 38 years, with reclamation occurring simultaneously as mining ceases in each small area.

34. The first year of mining will produce 250,000 to 300,000 tons of coal and require disturbance of an eight-acre area. Fifty-seven (57) additional acres will be required for roads, sediment ponds, temporary spoil placement and facilities."

Respondents assure us that the operations for the first year will encompass mining only from the mentioned eight-acre tract.

The record is devoid of any proof of harm to the individual plaintiffs during the first year of mining. The trial court found that one plaintiff has a grazing permit in what is known as the "North Area" where mining will not occur for five years. Finding No. 57. The dissolution of the stay will not harm any of the individual plaintiffs.

The next factor is harm to the defendants and intervenors. The trial court held that ConPaso, as of January 2, 1980, has invested $33.8 million in the project. Finding No. 58. The intervenors represent to us, without contradiction in the record, that the continuation of the temporary injunction will cause them a loss of about $17,000 a day. On the record the showing of harm to the intervenors is impressive.

The fourth factor is the public interest. The Navajo Nation benefits from the lease. The Court found that the Navajo Nation will receive approximately $4.58 billion in revenues from the activities of ConPaso. In the first year of mining the Nation will receive about $709,000 in royalties. Additionally, members of the Navajo Tribe will have needed opportunities of employment available through the ConPaso project. Finding No. 61. The harm to the Navajos is real.

We take judicial notice of the energy problems confronting the United States. The government encourages the production of coal. The ConPaso operation will add to that production. The public interest will be served by permitting the project to go forward. This interest must be balanced against the public interest in protecting the environment. Determination of where that balance lies should await decision of the controversy on the merits. We believe that the possibility of environmental damage is presently minimized by ConPaso's restriction of its mining operations to eight acres for the next year.

On consideration of the pertinent factors, the temporary stay which we granted on May 15, 1980, is dissolved. We do not dismiss the appeal but further proceedings on the appeal will be abated until further order of this court. The district court shall go forward with disposition of the case on the merits. We urge that it do so with all convenient speed. When, and if, a final judgment on the merits is entered and an appeal is taken to this court, we will determine what further proceedings shall be taken in the instant case.