UNITED STATES of America, Appellee,

v.

Bernard GELB, Barry Garfield, and EDP Medical Computer Systems, Inc., Defendants,

EDP Medical Computer Systems, Inc., Defendant-Appellant.

Appeal of Norman A. KAPLAN.

No. 87–1349.

United States Court of Appeals, Second Circuit.

Argued Aug. 11, 1987.

Decided Aug. 17, 1987.

Norman A. Kaplan, Great Neck, N.Y., for defendant-appellant.

M. Lawrence Noyer, Jr., Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y.), for appellee.

Before WINTER and MAHONEY, Circuit Judges, and STEWART,* District Judge.

PER CURIAM:

On July 16, 1987, defendants Bernard Gelb and the company of which he is president, EDP Medical Computer Systems, Inc. ("EDP"), were named along with a third person in a superseding indictment, charging, *inter alia,* violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 *et seq.* ("RICO"). That same day, the government sought and obtained from the District Court for the Eastern District of New York (Platt, J.) an *ex parte* restraining order pursuant to 18 U.S.C. § 1963(d)(1)(A). This section provides that

> [u]pon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section—
>
> (A) upon the filing of an indictment or information charging a violation of section 1962 of this chapter and alleging that the property with respect to which the order is sought would, in the event of a conviction, be subject to forfeiture under this section ...

The restraining order essentially prohibits the disposition of any assets of EDP without thirty days notice to the government. On July 24, 1987, Gelb and EDP moved to vacate the July 16, 1987 restraining order. They apparently also sought various modifications to allow EDP to oper-

ate its business and pay counsel fees. At a hearing held three days later, Judge Platt indicated he was prepared to hear and decide defendants' motion. Instead of proceeding, however, defense counsel Norman Kaplan indicated to Judge Platt that a decision on the motion was probably unnecessary because he had reached an agreement with the government on the terms of a modified restraining order, although differences as to the order's effect on Kaplan's escrow account remained. Defendants thus prevented Judge Platt from ruling on the merits of their motion. On July 31, 1987, EDP and Kaplan took an appeal.

EDP and Kaplan have now moved this court to stay the restraining order pending their appeal and to expedite that appeal. The government responds that the order entered by the district court was, in essence, an *ex parte* temporary restraining order, and, as such, is not appealable. The government further contends that EDP's failure to pursue its motion to vacate in the district court leaves nothing upon which this Court may exercise its jurisdiction.

We believe the order was appealable, however. Although a post-indictment restraining order based on RICO's forfeiture provisions may issue with a minimum of process, Congress appears to have provided no durational limitation to its reach short of the termination of the related criminal prosecution. *Compare* 18 U.S.C. § 1963(d)(1)(B) and (d)(2). A post-indictment restraining order is thus very similar to a preliminary injunction. We conclude, therefore, that because such a restraining order has a permanent effect until lifted, it is appealable. *See United States v. Musson,* 802 F.2d 384, 385 (10th Cir.1986).

However, the failure of the defendants to pursue their motion before Judge Platt limits our review on this appeal to the facial validity of the government's *ex parte* submission and of the restraining order under 18 U.S.C. § 1963(d)(1)(A). In short, the only issues that may be raised on the

* The Honorable Charles E. Stewart, Jr., United States District Judge for the Southern District of New York, sitting by designation.

present appeal go to whether a RICO indictment had been filed and whether the property restrained would be subject to forfeiture. The provision authorizing such a restraining order is clearly intended to allow the government to move quickly to prevent the disposition of a racketeering enterprise's funds that are subject to forfeiture. The initial *ex parte* order will ordinarily be very broad and subsequent fine-tuning may be necessary to avoid unnecessary or collateral effects. This fine-tuning should occur upon a motion by the defendants and a record made in the district court as to the precise effects of the order.

■ Many of the issues appellants seek to raise on this appeal go beyond the facial validity of the order. They clearly involve fine-tuning in the way of modifications of the injunction to permit EDP to stay in business and simply cannot be decided by this Court absent an appropriate record in the district court. Such a record could have been made by this time had appellants proceeded on their motion before Judge Platt. They did not do so, however, and thus cannot raise the fine-tuning issues in the present appeal.

■ With the issues thus limited, it is clear that appellants cannot meet this Circuit's standard for a stay pending appeal which requires, among other things, a substantial possibility of success on the merits. *See, e.g., Dubose v. Pierce*, 761 F.2d 913, 920 (2d Cir.1985). Given the state of the record and the limited issues on appeal, we perceive little chance of success on the merits and deny the motion for a stay. The motion to expedite the appeal is also denied. Appellants are, of course, free to seek appropriate relief in the district court.