Catherine E. MALARKEY, Plaintiff,

v.

TEXACO, INC., Defendant.

No. 81 Civ. 5224 (MBM).

United States District Court,
S.D. New York.

May 29, 1992.

Denny Chin, Ellen A. Harnick, Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for plaintiff.

Paul M. Brown, Elizabeth A. Alcorn, Michael G. Steinberg, Whitman & Ransom, New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

On May 19, 1992, this court entered a judgment granting plaintiff monetary and injunctive relief. Defendant now moves to restrain plaintiff temporarily from executing that judgment and for a new trial pursuant to Fed.R.Civ.P. 59(a). For the reasons set forth below, plaintiff is enjoined from collecting any monetary award for 10 days from the date of this Opinion, during which time defendant may post a supersedeas bond in the full amount of the monetary award and thereby stay execution of that award pending appeal. Insofar as defendant seeks to stay the equitable relief pending appeal, its motion is denied. The injunction, however, will be stayed until June 3, 1992 at noon to permit defendant to move for a stay before the Court of Appeals. The motion for a new trial is denied.

### I.

Following eight days of trial and more than ten years of contentious litigation, a jury found that defendant Texaco, Inc. willfully retaliated against plaintiff Catherine Malarkey for charging that the company had engaged in discriminatory employment practices. In an Opinion and Order dated May 11, 1992, familiarity with which is assumed, I denied defendant's motion for judgment notwithstanding the verdict and granted plaintiff's motions for prejudgment interest, equitable relief and attorneys' fees. In total, plaintiff was awarded: (i) $130,000 in damages; (ii) $27,857 in prejudgment interest; (iii) $318,423.70 in attorneys' fees; and (iv) an injunction prohibiting defendant from further retaliation and requiring that defendant promote plaintiff to a salary grade level 14 position at a salary of 90% of the maximum salary for that grade.

### II.

Fed.R.Civ.P. 62(d) permits a party against whom a monetary judgment is rendered to stay execution of that judgment pending appeal by "giving a supersedeas bond." A party is entitled to a post a bond and stay execution of a monetary judgment as a matter of right. *American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966) (Memorandum of Harlan, J., Circuit Justice); *Ivor B. Clark Co. v. Hogan*, 296 F.Supp. 407, 409 (S.D.N.Y.1969). Plaintiff therefore is

enjoined from executing the awards of damages, prejudgment interest and attorneys' fees for 10 days from the date of this Opinion during which time defendant may post a bond in the full amount of those awards if it wishes to do so.

### III.

■ Pursuant to Fed.R.Civ.P. 62(c) it is within the discretion of the district court to suspend injunctive relief pending appeal. To obtain such a stay, an applicant must (i) make a strong showing that it is likely to succeed on the merits of the appeal; (ii) establish that unless a stay is granted it will suffer irreparable injury; (iii) show that no substantial harm will come to any other interested party; and (iv) show that the public interest favors granting a stay. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *see United States v. Eastern Air Lines, Inc.,* 923 F.2d 241, 244 (2d Cir.1991); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2904 (1973). Defendant has failed to carry its burden.

Defendant has not shown "a substantial possibility of success on the merits." *United States v. Gelb,* 826 F.2d 1175, 1177 (2d Cir.1987). In its supporting memorandum, Texaco simply repeats objections and arguments that already have been considered by this Court over the years of litigation, during trial, and in resolving the motion for judgment notwithstanding the verdict. Significantly, defendant does not provide supporting legal argument or case law and instead relies solely on its bald assertion that it has "clearly 'raised serious legal questions.'" (Def.Mem. at 35) Thus, although defendant has provided a list of issues it wishes to raise before the Court of Appeals, it has not made the required "strong showing that [it] is likely to succeed on the merits." *Hilton,* 481 U.S. at 776, 107 S.Ct. at 2119.

Nor has defendant demonstrated that it will be irreparably harmed absent a stay. The requirement of irreparable harm is "applied more stringently after trial, on motions for stays pending appeal.... After judgment is entered, the propriety of the injury ... has been judicially determined, and its imposition without further delay is surely more acceptable than prior to judgment." *Hayes v. City University of New York,* 503 F.Supp. 946, 964 (S.D.N.Y.1980), *aff'd,* 648 F.2d 110 (2d Cir. 1981). Here, if the judgment is reversed on appeal, defendant can recover any additional wages paid plaintiff pursuant to the judgment. Defendant nevertheless contends that it would be "needlessly disruptive" to find a replacement for plaintiff's current position and to have to place plaintiff in a new position and then remove her if it prevails on appeal. Defendant also cites *Thomas v. City of Evanston,* 636 F.Supp. 587, 590 (N.D.Ill.1986), for the proposition that it will be irreparably harmed because "it may well have difficulty recovering the money if it wins on appeal." Needless disruption and administrative inconvenience, however, are not the equivalent of irreparable injury. Nor are the attendant risks of litigation that may prove necessary to recoup additional wages paid Mrs. Malarkey pursuant to the judgment.

> The key word in this consideration is *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date ... weighs heavily against a claim of irreparable harm. ... Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business.

*Wisconsin Gas Co. v. Federal Energy Regulatory Comm.,* 758 F.2d 669, 674 (D.C.Cir.1985) (quoting *Virginia Petroleum Jobbers Ass'n v. F.P.C.,* 259 F.2d 921, 925 (D.C.Cir.1958)); *see Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969 (2d Cir.1989) (Injury must be "neither remote nor speculative, but actual and imminent ... [and] must be one requiring a remedy of more than mere money damages."). A corporation the size of Texaco, which presumably shifts personnel as a

matter of course, will not be irreversibly injured by promoting a single, well-qualified employee. *See Malarkey v. Texaco, Inc.*, 794 F.Supp. 1237, 1244 (S.D.N.Y. 1992).

It is true, as defendant asserts, that plaintiff will not be injured by a stay to the extent retroactive compensation and promotion are available following appeal. However, in so arguing defendant fails to acknowledge that this litigation has dragged on for over a decade due in no small part to its own dilatory, "scorched earth" tactics—exemplified most recently by its separate motions for judgment notwithstanding the verdict and a new trial. *See Id.*, at 1245. Under such circumstances, to further delay plaintiff a promotion to which a jury concluded she was entitled is manifestly unfair and may in fact rise to the level of a "substantial injury" as contemplated in *Hilton. Id.*

Finally, staying execution of the equitable relief awarded plaintiff is contrary to the public interest. The age discrimination statute was enacted to make whole victims of discrimination and retaliation. *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 727–28 (2d Cir.1984). As a result, district judges in this Circuit have been given broad discretion to fashion remedies deemed necessary to fulfill the statute's purpose. *Geller v. Markham*, 635 F.2d 1027, 1036 (2d Cir.1980), *cert. denied*, 451 U.S. 945, 101 S.Ct. 2028, 68 L.Ed.2d 332 (1981). To acquiesce in further delays after ten years of litigation would be to make this Court an instrument for further frustrating instead of promoting the aim of the statute: restoring plaintiff to a position she otherwise would have occupied in the absence of what a jury concluded, correctly, was unlawful retaliation. Moreover, an employer should not be allowed so to delay the implementation of relief that litigants less resolute than Mrs. Malarkey will be discouraged from seeking redress for what they believe is illegal employment discrimination. Indeed, it is difficult to avoid the conclusion that defendant's disproportionate tenacity is aimed less at this plaintiff than at others who might be tempted to pursue a similar course.

For the above reasons, defendant's motion to stay the equitable relief pending appeal is denied. However, to give defendant the opportunity to be taught the same lesson in another and perhaps more persuasive forum, implementation of that relief will be stayed until June 3, 1992 at 12 p.m. to permit the filing of a motion before the Court of Appeals.

## IV.

Defendant moves for a new trial pursuant to Fed.R.Civ.P. 59(a). In *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978), the Second Circuit adopted the standard described in *Moore's Federal Practice* for deciding a new trial motion:

> "The trial judge, exercising a mature judicial discretion, should view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. The judge's duty is essentially to see that there is no miscarriage of justice. If convinced there has been then it is his duty to set the verdict aside; otherwise not."

(quoting 6A *Moore's Federal Practice* ¶ 59.08[5] (1973)). Although governed by different standards, motions for a new trial and for judgment notwithstanding the verdict inevitably involve the same inquiry: "we consider the evidence." *Lombardo v. Columbia Dentoform Corp.*, 103 F.R.D. 630, 633 (S.D.N.Y.1984) (Weinfeld, J.). I have already considered the evidence in detail in denying defendant's motion for judgment notwithstanding the verdict. *See Malarkey*, at 1239–1242. My conclusion stands: "[T]here was ample evidence from which the jury could infer that pervasive and purposeful retaliation" kept plaintiff from deserved promotions. *Id.* at 1241. It borders on the frivolous even to suggest that the jury "reached a seriously erroneous result" or that what has occurred is a "miscarriage of justice."

In fact, it is worth noting that defendant has taken the unusual step of bringing entirely separate motions for judgment notwithstanding the verdict and a new trial. *See* Fed.R.Civ.P. 50(b); *see, e.g., Lombardo,* 103 F.R.D. at 633; *Sorlucco v. New York City Police Department,* 780 F.Supp. 202 (S.D.N.Y.1992). By bringing its new trial motion after the court conducted a virtually identical inquiry in denying its earlier motion for judgment, defendant betrays what has been one of its principal motives throughout this unnecessarily protracted litigation—that is, delay. Defendant has wasted enough of plaintiff's and this court's time; its motion for a new trial is denied.

\* \* \*

For the reasons stated above, execution of the monetary award will be stayed for ten days from the date of this Opinion. Defendant's motion for a stay of the equitable relief pending appeal is denied. Execution of the equitable relief will be stayed until June 3, 1992 at 12 p.m. Defendant's motion for a new trial is denied.

SO ORDERED.