**William R. DUTTON, Plaintiff,**

v.

**JOHNSON COUNTY BOARD OF COUNTY COMMISSIONERS, Defendant.**

**No. 93–2184–JWL.**

United States District Court, D. Kansas.

April 5, 1995.

Alan P. Blinzler, Overland Park, KS, for plaintiff.

LeeAnne Hays Gillaspie and Mary Martin Buhl, Johnson County Legal Dept., Olathe, KS, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On September 21, 1994, a jury returned a verdict in favor of plaintiff William R. Dutton finding that defendant Johnson County Board of County Commissioners ("Johnson County") unlawfully discriminated against plaintiff on the basis of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Subsequently the court ordered back pay and reinstatement as authorized by the ADA, 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e–5(g). This matter is currently before the court on defendant's motion for a stay of the judgment pending appeal and waiver of bond (Doc. # 90) and its motion for review and disallowance of certain costs (Doc. # 97). For the reasons set forth fully below, defendant's motion for a stay and waiver of bond is granted in part and denied in part and its motion for review and disallowance of certain costs is granted.

### I. Stay Pending Appeal

The defendant's first motion requests a stay of execution of the court's order of reinstatement as well as that part of the judgment awarding plaintiff back pay, costs and fees. The court addresses each request in turn.

### A. Stay of Order of Reinstatement

■■■ The suspension of equitable or injunctive relief ordered by a district court during the pendency of an appeal is authorized by Federal Rule of Civil Procedure 62(c).[1] To obtain such a stay, the applicant must: (1) demonstrate its strong position on the merits of the appeal; (2) demonstrate irreparable injury if the stay is denied; (3) show that a stay would not substantially harm other parties to the litigation; and (4) show that the public interest favors a stay. *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.,* 962 F.2d 960, 968 (10th Cir.1992); *National Indian Youth Council v. Andrus,* 623 F.2d 694, 695 (10th Cir.1980); *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977). After applying these criteria to defendant's request, the court finds that the defendant has not met its burden to show that a stay pending appeal of the order of reinstatement is warranted.

The defendant has not demonstrated its strong position on the merits of the appeal. Defendant argues that the fundamental issue in this case is the reasonableness of the accommodation permitting plaintiff to use accumulated vacation time to supplement sick leave and asserts that on appeal it will likely be found that the accommodation afforded plaintiff is, as a matter of law, unreasonable. Defendant has already made, and the court rejected, this same argument numerous times—upon summary judgment, at trial, upon consideration of the equitable relief to be afforded, and upon motions to amend the judgment and for a new trial.

In rejecting defendant's assertion at trial that the requested accommodation was an undue hardship on Johnson County, the jury also implicitly rejected · defendant's contention that the requested accommodation was unreasonable. Not only did the court find sufficient evidence to support the jury's verdict, but it made its own factual finding that the defendant did not put on evidence at trial

---

1. The Rule provides in pertinent part:
   When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an in-

junction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

which indicated any significant hardship flowing from the accommodation requested by plaintiff. While defendant may believe it might have been capable of making such a showing, it did not in fact succeed in doing so before this court and the jury. This being the only argument advanced by the defendant, the court can only conclude that defendant has not met its burden to show the existence of a strong position on the merits of the appeal. *See Malarkey v. Texaco, Inc.,* 794 F.Supp. 1248, 1249 (S.D.N.Y.1992) (where movant simply repeated objections and arguments already addressed and did not cite any new or otherwise persuasive authority in support of its position, it did not make the strong showing required); *Dewey v. Reynolds Metals Co.,* 304 F.Supp. 1116 (W.D.Mich.1969) (same), *rev'd on other grounds,* 429 F.2d 324 (6th Cir.1970).

The defendant has shown that if successful on appeal, it would suffer some irreparable injury if the court does not order a stay. However, on balance, the court does not believe that the degree of injury which may potentially be suffered by the defendant is sufficiently strong to outweigh the interests of the plaintiff and the public in the denial of the stay.

As already indicated, it is defendant's position that the relief awarded plaintiff, the accommodation fashioned and ordered by the court, is an undue hardship on Johnson County. If the Court of Appeals ultimately agrees with the defendant, absent a stay of the equitable relief awarded, Johnson County would be forced to endure for a minimum of several months the "undue hardship" of allowing plaintiff to use his vacation leave in the same manner as he is permitted to use sick leave. While the court recognizes this as a possibility, defendant's failure to produce evidence at trial that the requested accommodation would substantially burden Johnson County cuts heavily against the same claim here in support of its motion for a stay. *Cf. Dewey,* 304 F.Supp. at 1118 (in context of Title VII case involving religious discrimination, court found that where plaintiff presented no evidence at trial that it would suffer an undue hardship by accommo-

dating plaintiff's religion, its post-trial claim of irreparable injury could fare no better).

In addition, defendant's main concern with regard to immediate reinstatement has already been alleviated. Defendant has candidly informed the court in a supplemental memorandum that a position for the plaintiff has become available since the time defendant filed its motion for a stay. Thus, any disruption caused by unnecessarily "bumping" a present employee is no longer of concern. Any other temporary disruption, unrest, inconvenience or loss of efficiency which might result if Johnson County has to place plaintiff in a position and later remove him would not amount to irreparable injury. *See Malarkey,* 794 F.Supp. at 1249 (needless disruption and administrative convenience are not the equivalent of irreparable injury). Johnson County employs many individuals and presumably must shift personnel routinely. In does not appear that plaintiff's reinstatement will cause unreasonable disruption or loss of efficiency.

On the other hand, plaintiff would be substantially harmed if a stay is ordered. In plaintiff's current employment situation, he does not have an accommodation for his disability, he makes less money, and he does not receive the retirement and health benefits he received from Johnson County. Plaintiff testified that the work environment at Johnson County Public Works was better than what he presently enjoys and that he wants to return there because he will be closer to his home and family. The court has already found that plaintiff is entitled to reinstatement and its attendant benefits. A denial of plaintiff's rights under federal law, even if only during the pendency of appellate proceedings, constitutes a real and substantial injury to him. *See E.E.O.C. v. Los Angeles County,* 531 F.Supp. 122 (C.D.Cal.1982) (denying stay pending appeal in age discrimination case), *aff'd,* 706 F.2d 1039 (9th Cir.1983), *cert. denied,* 464 U.S. 1073, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984).

Finally, the public interest is better served by a denial of the stay. *See id.* (staying relief pending appeal in age discrimination case not in the public interest); *Duke v. Uniroyal, Inc.,* 777 F.Supp. 428, 433–34

(E.D.N.C.1991) (public interest in favor of eradicating discrimination—"public needs to know that courts are committed to enforcing civil rights legislation"). A jury and this court has found that plaintiff is entitled to reinstatement. The public interest would be best served by permitting plaintiff to return to the position he was unlawfully removed from without unnecessary delay.

Thus, the balance of interests clearly weigh in favor of plaintiff and defendant has fallen short of showing it is entitled to a stay. Defendant's motion to suspend execution of the reinstatement order pending appeal is denied. The court will, however, stay this ruling until Friday April 14, 1995 at 5 p.m. to permit the defendant to file a motion for a stay before the Court of Appeals if it so chooses.

### B. Money Judgment and Waiver of Supersedeas Bond

■ Notwithstanding the court's ruling with respect to its order of equitable relief, the defendant is entitled to a stay on execution of the money judgment as a matter of right if it posts bond in accordance with Federal Rule of Civil Procedure 62(d).[2] *Wilmer v. Board of County Comm'rs of Leavenworth County, Kan.,* 844 F.Supp. 1414, 1417 (D.Kan.1993), *aff'd,* 28 F.3d 114 (10th Cir. 1994). The purpose of posting a supersedeas bond is to insure that the judgment creditor is secured from losses which may result from a stay. *Lamon v. City of Shawnee, Kan.,* 758 F.Supp. 654, 656 (D.Kan.1991), *rev'd in part on other grounds,* 972 F.2d 1145 (10th Cir.1992). In lieu of an automatic stay, defendant invokes the court's discretionary authority and moves for a waiver of the bond requirement. *Dillon v. City of Chicago,* 866 F.2d 902, 904 (7th Cir.1988) (court may employ its discretion to waive of the bond requirement).

■ When determining whether to waive the posting of bond, the district court may look to several criteria: (1) the complexity of the collection process; (2) the amount of time

required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Id.* at 904–05.

■ The court has considered these factors and is satisfied that defendant need not post a supersedeas bond in order to insure against any loss which might theoretically result to plaintiff. The court takes judicial notice that Johnson County is one of the most affluent counties in Kansas and has the financial wherewithal to pay the judgment. The only real issue is the collection process itself. Defendant has shown that Johnson County maintains a fund sufficient to cover any judgment in this case which simplifies the process of collecting on the judgment and would provide access to the funds within thirty days after the judgment is affirmed on appeal. The court is confident that the funds will be available and easily accessed by plaintiff if the judgment is affirmed and that the cost of a bond would be a waste of money for the taxpayers of Johnson County. The existence of the Risk Management Reserve Fund and an effective procedure for paying the judgment distinguishes this case from others in this district denying waiver of a supersedeas bond. *See Brinkman v. Department of Corrections of the State of Kansas,* 815 F.Supp. 407, 408–10 (D.Kan.1993); *Wilmer,* 844 F.Supp. at 1418–19; *Lamon,* 758 F.Supp. at 656–57. The circumstances of this case are more closely analogous to those of *Dillon v. City of Chicago* in which the Seventh Circuit found that the district court abused its discretion in failing to waive the requirement of a bond for the defendant city. 866 F.2d at 904–05.[3]

---

**2.** Rule 62(d) states in pertinent part: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule."

**3.** Because the court has found for defendant on an alternate theory, it does not reach the question of whether K.S.A. 19–108 (Supp.1993) provides a basis for waiving the bond requirement.

## II. Review of Costs

Federal Rule of Civil Procedure 54(d)(1) authorizes the taxing of costs "to a prevailing party unless the court otherwise directs." Title 28 U.S.C. § 1920 outlines taxable costs by category:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witness;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A trial court has no discretion to award costs not listed in section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987). The prevailing party has the burden of proving that the expenses sought to be taxed fall within the section 1920 categories. *Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 (D.Kan.1994). If the prevailing party carries this burden, a presumption arises in favor of taxing those costs. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988). The amount of such costs, however, must be carefully scrutinized to insure that it is reasonable. *Id.* (citation omitted). A trial court reviews *de novo* the clerk's assessment of costs and the final award rests in the sound discretion of the court. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232–33, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964).

Defendant objects to the following costs taxed by the Clerk of the Court: a $50.00 fee for service of summons and subpoena not supported by plaintiff's itemization, copies of depositions in the amount of $137.55, and a copy of a court opinion in the amount of $7.80. Plaintiff has not responded to this motion. The court may deem the allegations of defendant admitted and grant defendant's motion on this ground alone. D.Kan.R. 206(g).

In addition, the court finds that plaintiff has not met his burden to show the questioned costs should be taxed. There has been no evidence submitted indicating that $50.00 was incurred in serving a summons and subpoena. Nor has it been shown that the copies made necessarily were obtained for use in the case and were not simply extra copies made for the convenience of plaintiff and counsel. *See Voight v. Subaru–Isuzu Automotive, Inc.*, 141 F.R.D. 99, 103 (N.D.Ind.1992) (cost of extra copies for convenience of counsel are not taxable). For these reasons, defendant's motion for disallowance of these particular costs is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for a stay of judgment pending appeal (Doc. # 90) is granted in part to the extent that execution of the money judgment shall be suspended and denied in part with respect to the order of reinstatement.

**IT IS FURTHER ORDERED** that defendant's motion for review and disallowance of certain costs in the amount of $195.35 (Doc. # 97) is granted.

**IT IS SO ORDERED.**