**Paul JOLLY, Plaintiff,**

v.

**Thomas COUGHLIN, et al., Defendants.**

**No. 92 Civ. 9026 (JGK).**

United States District Court,
S.D. New York.

Aug. 30, 1995.

Leslie E. Moore, Gibson, Dunn & Crutcher, New York City, for plaintiff.

Dennis C. Vacco, Atty. Gen. of the State of N.Y., Barbara K. Hathaway, Asst. Atty. Gen., New York City, for defendants.

## OPINION AND ORDER

KOELTL, District Judge:

Defendants have moved to modify or reargue this Court's preliminary injunction order dated August 14, 1995, and for a stay of that order pending disposition of this motion. For the reasons that follow, and for those expressed on the record at the oral argument of these motions on August 28, 1995, the defendants' motions are denied.

### I.

The defendants motion to reargue under Rule 3(j) of the Civil Rules of the Southern District of New York must set forth the "matters or controlling decisions which counsel believes the court has overlooked." Defendants' papers are entirely lacking in this regard. With respect to plaintiff's claim under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb et seq., defendants contend that the Court misapplied the controlling case law by holding that prison officials are compelled by RFRA to accommodate plaintiff's religious beliefs. In support of this contention, defendants rely heavily on two cases already considered by the Court, Smallwood–El v. Coughlin, 589 F.Supp. 692 (S.D.N.Y.1984) and Ballard v. Woodard, 641 F.Supp. 432 (W.D.N.C.1986). Because these authorities and the issues defendants reraise with respect to RFRA were considered at length by the Court in its opinion, see Jolly v. Coughlin, 894 F.Supp. 734, 740–46 (S.D.N.Y.1995) proffering them now is not a basis for reargument or for modifying the preliminary injunction. In-

deed, counsel conceded at oral argument that they were not bringing any new matters or cases to the Court's attention. Defendants also maintain that the Court overlooked the compelling state interest in detecting any latent TB infection, as compared to determining whether an inmate has active TB. Again, the Court considered that argument in the specific circumstances of this case and found it insufficient to overcome the compelling interest asserted by the plaintiff for all the detailed reasons explained at length in the Court's prior opinion. And the Court also found that the defendants had not used the least restrictive means of accomplishing their objectives. See Jolly, 894 F.Supp. at 743–46. Accordingly, modification or reargument on this basis is denied.

Defendants also offer as grounds for modification or reargument a recent alteration of prison policy. Defendants indicate that the Department of Corrections ("DOCS") intends to allow inmates in medical keeplock one hour of exercise per day. This argument, of course, does not affect at all plaintiff's right to relief under RFRA since defendants continue to seek to subject him to medical keeplock to force him to take the TB test in violation of his asserted religious belief without a compelling interest that cannot be achieved in less restrictive ways. However, defendants argue that this amelioration of the conditions of plaintiff's confinement reduces the likelihood of his success on the merits of his Eighth Amendment claim. Defendants also reargue the issue of whether any Eighth Amendment violation has occurred at all, maintaining the Court misconstrued the relevant cases. As before, the Court addressed defendants' legal arguments fully in its opinion of August 14, 1995 and the defendants offer no new arguments or authorities as to why the defendants have not violated the plaintiff's Eighth Amendment rights. Indeed, their very belated effort to consider affording this plaintiff and any others in medical keeplock the rudimentary provision of exercise—which the Court of Appeals has long found necessary, see Anderson v. Coughlin, 757 F.2d 33, 36 (2d Cir.1985)— does nothing to diminish the plaintiff's likelihood of success in this case. Moreover, the

fact that the defendants are considering a change in their policy, and would agree to allow the plaintiff to exercise, does not eliminate—on Eighth Amendment or and any other grounds—the need for an injunction.

For all of the foregoing reasons, for those expressed in the Court's opinion and order for a preliminary injunction, and for those expressed on the record at the hearing on the motion, defendants' motion to alter, amend, or reargue the Court's order granting a preliminary injunction is denied. Furthermore, the defendants' motion to stay the order pending disposition of that motion is denied as moot.

## II.

■ At the request of defendants, the Court has considered defendants' papers also to constitute a motion under Fed.R.Civ.P. 62(c) to stay the preliminary injunction of August 14, 1995 pending appeal. The defendants represented that they have not yet determined whether to appeal but needed time to consider that option and, if they appeal, to stay the preliminary injunction pending appeal and, if necessary, to obtain a stay from the Court of Appeals. Expedition is important in view of the continuing burdens on the plaintiff combined with the fact that this Court provided the defendants two weeks to implement the preliminary injunction and the defendants waited until the last day to move for a stay of the order pending reargument, a stay that was not justified.

■ On the papers before the Court, defendants have plainly failed to make a satisfactory showing with respect to any of the factors governing the issuance of a stay pending appeal under Rule 62(c). Those factors are: (1) whether the applicant has made a strong showing of likely success on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) whether the public interest favors issuing a stay. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Malarkey v. Texaco, Inc.,* 794 F.Supp. 1248, 1250 (S.D.N.Y.1992) (Mukasey, J.). The defendants' papers include no strong showing of the likelihood they will succeed on the merits. Indeed the Court reviewed the issue of likelihood of success and found that the plaintiff is likely to succeed in this case, even applying the strictest tests to a motion for preliminary injunction. *See Jolly,* 894 F.Supp. 738–40. Given that the plaintiff is unquestionably not contagious, that the plaintiff is not in respiratory isolation, that some others who actually test positive on the PPD test remain in the general prisoner population, and that the PPD test itself has a substantial error rate, *see Jolly,* 894 F.Supp. at 737–40, there is no risk of irreparable injury to the defendants or substantial injury to any other interested party if a stay is not issued. The plaintiff will, however, continue to be substantially burdened—as he has been for over three and a half years—so long as he remains in medical keeplock. Finally, defendants have failed to demonstrate that their epidemiological concerns outweigh the strong public interest in following the law, namely RFRA and the Eighth Amendment to the Constitution. *Cf. Malarkey,* 794 F.Supp. at 1251. Accordingly, the motion for a stay pending appeal is denied.

To allow defendants sufficient time to consider whether to appeal the preliminary injunction to the Court of Appeals, the preliminary injunction is hereby stayed until Friday, September 1, 1995 at 5:00 p.m. subject to two conditions. First, plaintiff shall be permitted one hour of exercise each day while in medical keeplock. Second, plaintiff shall be permitted three showers each week. Furthermore, should defendants file an appeal to the Court of Appeals before September 1, 1995 at 5:00 p.m., the preliminary injunction order of August 14, 1995 is further stayed until Friday, September 8, 1995 at 5:00 p.m. subject to the same two aforementioned conditions.

**SO ORDERED.**