**Michael FOWLER, by his parents and next friends, Jay and Barbara FOWLER, Plaintiffs,**

v.

**UNIFIED SCHOOL DISTRICT NO. 259, Defendant.**

**Civ. A. No. 94–1521–DES.**

United States District Court, D. Kansas.

Dec. 12, 1995.

Mary K. Babcock and Martha Aaron Ross, Foulston & Siefkin, Wichita, KS, for plaintiffs.

Thomas R. Powell and Roger M. Theis, Hinkle, Eberhart & Elkouri, Wichita, KS, for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant, Unified School District No. 259's Motion for Stay of Injunction and Judgment Pending Appeal (Doc. 48). Plaintiffs, Michael Fowler and his parents Jay and Barbara Fowler have filed a brief in opposition to the motion (Doc. 52). Defendant has filed a reply brief (Doc. 54). Having reviewed the motion, the briefs and the record, the court is now prepared to rule.

On October 16, 1995, this court granted plaintiffs' motion for injunctive relief and ordered defendant to provide interpretive services to Michael Fowler at Wichita Collegiate in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.*, and K.S.A. 72–5393. The court also ordered defendant to reimburse the Fowlers for the cost of interpretive services for the 1994–95 school year and to date in the 1995–96 school year. Defendant has appealed that decision to the United States Court of Appeals for the Tenth Circuit.

### STANDARD OF REVIEW

■ To obtain a stay pending appeal, an applicant must show: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *Spain v. Podrebarac,* 68 F.3d 1246 (10th Cir.1995). The stay of an equitable order is a unique device which is rarely granted. *United States v. Louisiana,* 815 F.Supp. 947, 948 (E.D.La.1993).

Defendant first notes there are conflicting court decisions on the issue raised in this case. Based on this conflict, defendant argues that the court should grant the stay. Defendant relies primarily on *Goodall v. Stafford County Schl. Bd.,* 930 F.2d 363 (4th Cir.), *cert. denied,* 502 U.S. 864, 112 S.Ct. 188, 116 L.Ed.2d 149 (1991). *Goodall* is distinguishable in a number of ways and was decided because of the main distinction: the school that Matthew Goodall attended was a private religious school. The Goodall's challenge and the court's decision in that case was based almost entirely on the fact that the school in question was a religious institution. The separation of church and state issue has no part in the case before this court. *Goodall* is not binding upon this court, and the court declines to follow that decision.

■ With the exception of *Goodall,* defendant does not provide any case law supporting its side of the issue or make any argu-

ment that it is likely to succeed on appeal. Failure to make a strong and compelling case for likely success on appeal diminishes the chance a court will grant a motion for stay. *Hellebust v. Brownback,* 824 F.Supp. 1524, 1530 (D.Kan.1993).

■ Defendant next claims that implementation of this court's order will cause irreparable harm to those public school hearing impaired students who the district is obligated to serve.[1] The defendant implies that by providing services to Michael Fowler at Wichita Collegiate, public school students will not be served.

The court finds this argument less than compelling when it recalls testimony by defendant at trial that it could provide services to both Michael and the public school hearing impaired students even though the cost to the district might well increase. Defendant, in its reply brief, argues that is it unable to meet the needs of the public school hearing impaired students because of a shortage of interpreters. Defendant further argues that if it is required to supply an interpreter for Michael prior to the outcome of this case on appeal, the public school students will not be served.

First, the court finds that Michael Fowler is not responsible for the staff shortage which apparently exists in the district. Second, as the court understands the law, the district is required to provide interpretive services to all students in the district including Michael. To accept the district's reasoning, the court would be acquiescing in a policy which holds that hearing impaired students who attend public school are to be given higher priority than hearing impaired students who attend private school. The court does not accept that argument.

Likewise, defendant's argument that the public interest favors a stay based on the same reasoning is not compelling.

■ Finally, defendant argues that there would be no harm to Michael Fowler if this court granted the motion for stay. The crux of the defendant's argument is that Barbara

Fowler will continue to serve as Michael's interpreter regardless of whether the district pays for her services and Michael will, therefore, not be without services. The court notes, however, that at trial defendant adamantly opposed a parent interpreting for her child as antithetical to good educational practice. At that time, the defendant vigorously made its case that Michael, the orderly administration of education, and the public interest would suffer from Barbara Fowler's assignment as Michael's interpreter. The court is unconvinced by this change of argument by defendant.

The court concludes that defendant has not met its burden of showing that a stay should be granted. The court finds that the relative interests in this case weigh heavily in favor of the plaintiffs and that the motion for stay should be denied.

■ Defendant, in its reply brief, asks this court to stay the money judgment pursuant to Rule 62(d) and, additionally, to waive the posting of an adequate supersedeas bond. Defendant cites the court to *Dutton v. Johnson County Bd. of County Comm'rs,* 884 F.Supp. 431, 435 (D.Kan.1995).

*Dutton* stands for the proposition that the district court may waive the posting of the bond if it considers several criteria and determines that the judgment creditor will be secure. These are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

884 F.Supp. at 435.

The court has considered these factors and finds that defendant has presented a strong

---

[1]. The court notes the district is equally obligated, pursuant to K.S.A. 72–5393, 34 C.F.R. § 76.654, and this court's prior order, to serve hearing impaired students who do not attend public schools.

case for the stay of the money judgment and for waiver of the bond. The district has a well-funded risk management fund which can be easily accessed if the judgment is affirmed and has an effective procedure for paying the judgment within thirty days following completion of appellate proceedings in this case. The court will, therefore, exercise its discretionary authority and waive the posting of the supersedeas bond.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion for Stay of Injunction and Judgment Pending Appeal (Doc. 48) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Stay of the Money Judgment (Doc. 48) is granted and the posting of a supersedeas bond is waived.