Barney M. **BAKER**, et al., Plaintiffs,

v.

**POWER SECURITIES CORPORATION,** et al., Defendants.

Barney M. **BAKER**, et al., Petitioners,

v.

**RAF FINANCIAL CORPORATION,** Respondent.

No. 89–CV–231L.

United States District Court,
W.D. New York.

July 21, 1997.

Justin Vigdor, Boylan, Brown, Code, Fowler, Vigdor & Wilson, L.L.P., Rochester, NY, Dennis A. Graham, Clanahan, Tanner, Downing & Knowlton, Denver, CO, for RAF Financial Corp.

Douglas A. Foss, Harris, Beach & Wilcox, Rochester, NY, H. Todd Bullard, Fix, Spindelman, Brovitz, Turk, Himelein & Shukoff, P.C., Rochester, NY, for Barney M. Baker, Kenneth Banks, Edward Coleman, Gail Corsette, Joyce D. Flachen, William F. Horton, Barry A. Friedman, Mark H. Klein, David J. Kuhbinder, John F. Locasio, Joseph M. Natale, Joan M. Halstead, Joanne Herwig, David A. Hodder, Doanld Haydoo, Herbert A. Levin, William C. Lowenkamp, Swan Lundeen, Frank Merriweather, Louis J. Micca, Christopher Palmer, Arlene Pearlman, David Phillips, James Rosecrans, Frank Sarwatka, Donald Stubblebin.

Orville Sanberg, Aurora, CO, pro se.

Joe McDonouth, Denver, CO, pro se.

Michael R. Law, Phillips, Lytle, Hitchcock, Blaine & Huber, Roschester, NY, Stephen M. Leonardo, Silver, Feldman & Leonardo, Rochester, NY, for Eric Monchecourt.

Ira L. Hyams, Ira L. Hyams, P.C., Westbury, NY, for Arthur Seidenfeld, Samuel Seidenfeld, Anne Seidenfeld, Star Productions, Inc.

Jeff Brown, Aurora, CA, pro se.

John Dennee, Fairport, NY, pro se.

*AMENDED DECISION AND ORDER*

LARIMER, Chief Judge.

■ On December 11, 1996, I entered a Decision and Order dismissing a turnover proceeding which had been commenced against respondent RAF Financial Corporation ("RAF") pursuant to Fed.R.Civ.P. 69(a) and N.Y. C.P.L.R. §§ 5225(b) and 5227. On February 6, 1997, RAF submitted its Bill of Costs to the Clerk of the Court. On June 3, 1997, the Clerk denied RAF's Bill of Costs in

its entirety. RAF has now moved for review of the Clerk's denial of its Bill of Costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. The Court's review of the Clerk's denial of a bill of costs is *de novo. Krouse v. American Sterilizer Co.,* 928 F.Supp. 543, 544 (W.D.Pa.1996); *Dutton v. Johnson County Bd. of County Commissioners,* 884 F.Supp. 431, 436 (D.Kan.1995).

■ At the outset, I note that in support of its request for a number of items, such as overhead expenses and expert witness fees, RAF relies solely on New York law. Except in rare circumstances in which some important state interest is implicated, however, the awarding of costs in an action in federal court is controlled by federal law, specifically Rule 54 and 28 U.S.C. §§ 1821 and 1920. *Aceves v. Allstate Ins. Co.,* 68 F.3d 1160, 1167–68 (9th Cir.1995); *Chevalier v. Reliance Ins. Co. of Illinois,* 953 F.2d 877, 885–86 (5th Cir.1992); 10 Charles A. Wright et al., Federal Practice and Procedure § 2669 (2d ed.1983). RAF has not demonstrated any reason to apply state law in this case, and to the extent that its costs are not recoverable under federal law, they are disallowed.

■ Section 1920(3) of Title 28 allows the court to tax as costs, *inter alia,* "[f]ees and disbursements for printing and witnesses." The witness fee is set forth at 28 U.S.C. § 1821(b), which provides that a "witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." Except for court-appointed experts, no additional witness attendance fees (as opposed to travel fees) are allowed. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987); *Turpin v. Marriott Corp.,* No. CIV. A. 92–4567, 1994 WL 551510 *2 (E.D.Pa. Oct.6, 1994). Attendance fees for privately-retained experts are therefore limited to the statutory rate as well. *United States v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 173 (2d Cir.1996).

In the bench trial on petitioners' turnover proceeding, RAF called two witnesses, Robert Fitzner and RAF's expert, Glenn E. Keller, Jr. Fitzner testified on May 6, 7 and 8, 1996 and Keller testified on May 7. Fitzner and Keller also traveled from Denver, Colorado to Rochester and back, although the record does not indicate how much time they spent traveling. It appears that Keller came to Rochester on May 6, and returned on May 7, the same day that he testified. Fitzner's travel schedule is not reflected in the record, but since he was present when the trial began on the morning of May 6, it is reasonable to assume that had to travel to Rochester at least a day ahead of time. RAF is therefore entitled to $160 for Fitzner's and Keller's attendance at trial, plus $80 for their travel time, or $240 total.

Section 1821(c) also allows RAF to recover reasonable travel and lodging expenses for its witnesses. RAF originally sought $4552.46 in travel expenses for Fitzner, Keller, and its two trial attorneys. RAF now concedes that counsel's travel expenses are not recoverable, and so seeks exactly half that amount, or $2276.23.

The only documentation provided by RAF to support that amount, however, is a billing statement to RAF from its counsel dated May 20, 1996. Next to an entry date of April 29, 1996, the billing statement states, "Business & Leisure Travel-airfare for DAG, GRT [RAF's attorneys], Glenn Keller, Bob Fitzner to Rochester NY," with the figure "4,552.46" listed as the amount. *See* RAF's Motion Ex. B.

■ It is not apparent from this statement, however, exactly what that amount covered, in particular whether it included only airfare or lodging in Rochester as well. Nor is it apparent whether the airfares were the least expensive available, or a more expensive business class or first-class rate. Section 1821(c)(1) provides that "a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." The burden is therefore upon the party seeking costs to provide adequate documentation of its costs, and a failure to do so may result in the costs being reduced or

denied. *See, e.g., Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir.1990); *Pion v. Liberty Dairy Co.*, 922 F.Supp. 48, 53 (W.D.Mich.1996).

Since I am unable to tell from the record the exact nature of RAF's claimed travel expenses, or the reasonableness of those expenses, I am not prepared to accept RAF's device of simply awarding half the amount listed on the billing statement. At the same time, I recognize that some costs were necessarily incurred for Fitzner's and Keller's travel and lodging, and I will therefore award a total of $1000 for travel expenses.

RAF also seeks $3979.35 for photocopying expenses, court reporter fees, and deposition transcript costs. The Clerk acknowledged that these costs are ordinarily recoverable under 28 U.S.C. § 1920, but denied RAF's request for these costs on the ground that RAF had not supplied sufficient documentation.

RAF contends that its documentation is sufficient, and it has also supplied some additional documentation, including receipts for its deposition transcripts. After reviewing these materials, I find that RAF has now adequately documented its deposition and court reporter expenses, and I will award the full amounts requested for those, or $1070.70 and $90.00 respectively.

■ The same is not true with respect to the photocopying costs, however. As with the travel expenses, RAF has not sufficiently documented the reasonableness of those costs. Although § 1920(4) allows recovery of costs for "copies of papers necessarily obtained for use in the case," it is impossible for the court to determine whether the total amount RAF seeks for photocopying, $2818.65, was in fact necessarily incurred. It is not clear, for example, whether it includes multiple copies of the same documents for the convenience of counsel, or the manner in which the costs were calculated. While I realize, as RAF points out, that this was a complex proceeding involving numerous documents, that does not give RAF a license to simply give the court a bare number and assert that it represents necessarily-incurred photocopying expenses. I will therefore reduce the amount claimed and award $700.

*See Merritt Meridian*, 95 F.3d at 173 (district court did not abuse discretion in awarding $5000 in photocopying costs where party seeking costs did not itemize its claimed amount of $17,690.78 or explain why all those copies were necessary); *Turpin*, 1994 WL 551510 *3 (declining to award $366 requested for in-office duplication where party "d[id] not document what items were copied, how many copies of each were made or how it calculate[d] its copying charges").

## CONCLUSION

RAF Financial Corporation's Motion for Review of Clerk's Denial of Bill of Costs (Item 496) is granted in part and denied in part. The Clerk of the Court's determination denying costs is reversed, and costs shall be taxed in favor of RAF Financial Corporation in the following amounts:

| | |
|---|---|
| Witness Attendance Fees ..... | $ 240.00 |
| Witness Travel Expenses ..... | 1000.00 |
| Deposition Expenses ........ | 1070.70 |
| Court Reporter Fees ........ | 90.00 |
| Photocopying Expenses ....... | 700.00 |
| **TOTAL** ................... | $3100.70 |

IT IS SO ORDERED.