Donald **MURPHY**, Plaintiff,

v.

**BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT, et al., Defendants.**

**No. 00–CV–6038L.**

United States District Court, W.D. New York.

Feb. 12, 2004.

Emmelyn S. Logan–Baldwin, Rochester, NY, for Plaintiff.

Carol E. Heckman, Harter, Secrest & Emery LLP, Buffalo, NY, Maureen T. Alston, Harter, Secrest & Emery LLP, Jules L. Smith, Blitman & King, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

On July 10, 2003, this Court granted summary judgment in favor of all defendants in a 55–page decision, familiarity with which is assumed (Dkt.# 311). Counsel for defendant Rochester City School District ("RCSD") and defendant Rochester Teachers Association ("RTA") each filed a Bill of Costs (Dkt.## 329, 330) pursuant to Fed.R.Civ.P. 54(d). The costs were not insubstantial: RCSD requested $18,192.86; RTA requested $12,189.11.

Plaintiff objected to the taxation of costs and filed several submissions with the Clerk (Dkt.## 323, 327, 328). Defendants responded to these objections (Dkt.# 326, and RTA counsel's letter dated September 10, 2003, with attachments).

The Clerk issued a decision, dated October 27, 2003 (Dkt.# 346), explaining his decision to award costs, albeit in a reduced amount. The reduced award of costs was $17,973.96 in favor of RCSD and $11,995.25 in favor of RTA.

Plaintiff appeals from that determination. This Court granted the parties leave to file additional material concerning the appeal from the Clerk's decision awarding costs. Plaintiff submitted an additional affidavit (Dkt.# 349); both defendants were content to rest on the papers previously submitted to the Clerk.

## DISCUSSION

Defendants are the prevailing parties in this action. Summary judgment was

granted in their favor and the complaint dismissed. There are consequences that flow from such an event. One of those is the taxation of costs. Another may be, depending on the circumstances, an award of attorneys' fees.

■ Federal Rule of Civil Procedure 54(d) provides that "costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule creates a presumption that costs are to be awarded to the prevailing party. *Cherry v. Champion International Corp.*, 186 F.3d 442, 446 (4th Cir.1999). Courts should award costs to the prevailing party as a matter of course. Those costs should be denied only if there is some reason to deny costs, such as the prevailing party's misconduct, or the losing party's inability to pay. *See Weeks v. Samsung Heavy Industries Co.*, 126 F.3d 926, 945 (7th Cir. 1997). If the court fails to award costs, the prevailing party is punished, and that should not occur unless there is a reason to do so. *See Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir.) ("To deny [the prevailing parties] costs would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied"), *cert. denied*, 516 U.S. 810, 116 S.Ct. 58, 133 L.Ed.2d 22 (1995).

■ The initial responsibility for assessing costs rests with the Clerk. On appeal to the district court, the standard of review is *de novo*. *Baker v. Power Securities Corp.*, 174 F.R.D. 292, 294 (W.D.N.Y.1997).

■ I am very familiar with this action—more familiar than the Clerk. I have reviewed all of the submissions made on the costs issue, and I see no reason to modify the Clerk's decision.

The bulk of the costs submitted by both defendants involve deposition costs. Most of the depositions in this case were noticed by plaintiff and were, in some cases, quite extensive. Such depositions, whether noticed by plaintiff or defendant, are routinely allowed as taxable costs. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir.2001).

Plaintiff does not dispute that the depositions were held and that the costs were incurred by the prevailing party. Plaintiff's objections to taxing these costs are without merit. For example, plaintiff suggests that defendants were not "required" to order copies of the depositions that plaintiff noticed. That is frivolous. I know of no competent lawyer in litigation of this sort that would neglect to obtain a copy of his client's deposition. The other objections advanced by plaintiff are equally frivolous.

Plaintiff should not now be heard to complain about these costs. In large part, these costs, and certainly the magnitude of them, were caused by the manner in which plaintiff's counsel litigated this action. I have already commented on that in the summary judgment decision referenced above. Plaintiff elected to sue twenty-one entities or individuals and to depose most of them, as well as several non-party witnesses. Plaintiff's extensive deposition practice required defendants to expend considerable sums in the course of the litigation and I see no reason to alter the usual situation, provided for in Rule 54(d), that such costs should be awarded to the prevailing party as a matter of course. There are some risks inherent in pursuing litigation that is protracted, especially when it is plaintiff that causes that to occur, and one of those is the risk of paying the defendant's costs should the defendant prevail.

Plaintiff's counsel also suggests that the client's financial circumstances warrants denying taxation of costs. I disagree.

Like the Clerk, I am not persuaded that such relief is warranted.

Plaintiff and his wife have considerable annual income (approximately $116,000). That income can more than cover plaintiff's living expenses. In addition, plaintiff owns vacation real property, in addition to the family residence, having equity in excess of $40,000 (Dkt.# 324).

 The district court may consider the non-prevailing party's financial circumstances, but it is not required to do so. Even if the non-prevailing party establishes indigency, that fact does not require the court to waive costs. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180 (10th Cir.2004) (even though plaintiffs were indigent, and case presented a "close and difficult question," district court did not abuse discretion to award costs to defendant, since plaintiffs failed to show why defendant should be penalized); *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir.) ("McGill should not be shielded from the costs he forced the defendants to incur with his suit even if he was and is presently indigent"), *cert. denied*, 513 U.S. 889, 115 S.Ct. 233, 130 L.Ed.2d 157 (1994). As one judge has put it,

> [t]he fact, if it is a fact, that Plaintiff[ ] do[es] not have access to much money is hardly a good reason to allow [him] to impose enormous costs upon Defendants, which have shown themselves to have been correct in the first place. ... I see no reason to encourage [Plaintiff] to cause great expense to [his] adversaries, safe in the knowledge that there is little downside to [his] efforts.

*Association of Mexican–American v. State of California*, 231 F.3d 572, 599 (9th Cir. 2000) (*en banc* ) (Fernandez, J., concurring in part and dissenting in part). If the court in its discretion considers the non-prevailing party's financial status, it should decline to impose costs only where there is clear proof of the non-prevailing party's "dire financial circumstances." *Chapman v. A.I. Transport*, 229 F.3d 1012, 1039 (11th Cir.2000).

There is no basis for such a finding here. Plaintiff should not be immune or shielded from the consequences of his protracted litigation and the litigation strategy pursued by his attorney. *McGill*, 18 F.3d at 460. One of the consequences of pursuing litigation that is determined to be without merit is the taxation of costs, as a matter of course, in favor of the prevailing party. Plaintiff has the ability, over time, to satisfy the costs incurred by defendants as a result of plaintiff's action.

I have considered the other arguments and contentions of plaintiff's counsel and find none of them persuasive.

## CONCLUSION

Plaintiff's motion to review the Clerk's taxation of costs (Dkt.# 344) is, in all respects, denied.

I affirm the Clerk's decision to award costs to defendant, Rochester City School District, in the sum of $17,973.96, and to the defendant, Rochester Teachers Association, in the sum of $11,995.25, and judgment shall enter accordingly.

IT IS SO ORDERED.